## John McPherson v. The State.

### No. 3918. Decided January 19, 1916.

### Rehearing denied February 16, 1916.

**1.—Burglary—Evidence—Circumstances—Other Transactions.**

Upon trial of burglary, there was no error in admitting testimony that the defendant was in possession of a key to a burglarized house, neither was there any error to admit in evidence that another house was burglarized on the same night, same being in the same building, and the transaction was so interwoven as to be part and parcel of the same transaction.

**2.—Same—Evidence—Rebuttal—Res Gestae.**

Where, upon trial of burglary, the State introduced testimony that the defendant and his son and another walked down in front of the saloon which was burglarized, and in a few moments turned and went into the saloon, the court should have admitted testimony in rebuttal that while defendant was standing there waiting for a car he was called into the saloon by a third party and asked to take a drink, through an open door and that when he and his companions got inside and saw what was taking place they refused to drink and at once left the place; said third party being the alleged burglar, and what was said by said third party to the defendant was res gestae. Following Hunter v. State, 54 Texas Crim. Rep., 224, and other cases.

**3.—Same—Evidence—Judgment.**

Where, upon trial of burglary, defendant desired to introduce the judgment showing that other parties had pleaded guilty to burglarizing the said saloon, he should have been allowed to do so.

**4.—Same—Rule Stated—Evidence—Res Gestae—Declarations of Third Parties.**

Where, upon trial of burglary, defendant claimed that certain other parties committed the alleged burglary, and that he and his son and another party were called into the said saloon to take a drink by the said parties who were then in the act of burglarizing said saloon and taking liquors therefrom, the acts and declarations of said alleged burglars were res gestae, and admissible in evidence. Following Thomas v. State, 47 Texas Crim. Rep., 534, and other cases.

**5.—Same—Evidence—Imputing Offense to Another.**

Where, upon trial of burglary, it was evident from the State's testimony that all the five men who were in the alleged burglarized saloon did not enter from the front door and did not go in together, any testimony was admissible which would tend to show that the two persons to whom defendant imputed the burglary alone were the parties who broke and entered the saloon, and had invited the others in to take a drink who as soon as they perceived that a burglary was being committed left the place. Following Dubose v. State, 10 Texas Crim. App., 230, and other cases.

**6.—Same—Evidence—Principals—Charge of Court.**

Where, upon trial of burglary, there was evidence showing that defendant so conducted himself as to be a principal in the transaction, but defendant's testimony would show that he was an innocent bystander, the court should have admitted the testimony of defendant and given a proper charge thereon in his charge on principals.

**7.—Same—Evidence—Remarks by Court.**

On trial of burglary, where defendant testified that when he saw the parties in the saloon and understood that they were in the act of burglarizing the same, he should have been permitted to show that he had none of the

stolen liquor which was taken from the saloon about his person or in his house, and that the latter was searched and no liquor was found, and the remarks of the court that this testimony was immaterial was improper. Following Brown v. State, 56 Texas Crim. Rep., 87, and other cases.

**8.—Same—Bill of Exceptions—Motion for Rehearing.**

Where the State filed a motion for rehearing insisting that a certain bill of exceptions was insufficient in that the answer of the witness was not stated, but the record showed that the bill of exceptions presented the matter properly for review, and the same presented error, this court was authorized in reviewing the questions therein raised.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. G. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Charles Murphy,* for appellant.—On question of offering judgment of conviction of other parties to whom defendant imputed the crime: Tuttle v. State, 49 S. W. Rep., 82.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of res gestae: Galbraith v. State, 41 Texas, 567; Fielder v. State, 40 Texas Crim. Rep., 184; Stanfield v. State, 43 id., 10; Lynne v. State, 53 id., 375; Penrice v. State, 105 S. W. Rep., 797.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

The State proved that appellant had been bartender for W. H. Connors, who owned a saloon in Houston. That the saloon was sold to A. Rainey, when appellant lost his position; the saloon was burglarized that night. All the evidence about the keys was admissible, as the evidence showed that appellant opened the saloon in the morning and closed it at night while working there, and, therefore, the State's contention was that he was in possession of a key to the burglarized house, notwithstanding he no longer worked there, and these bills present no error. Neither does the bill that complains that the court permitted evidence to be introduced that the drug store of Ralph Hurlock was burglarized the same night. The saloon which appellant was charged with burglarizing and the drug store were in the same building, and, in placing appellant, his son and Hainey at this point on the night of the burglary, Hurlock fixes the time that he saw them as the time his store was burglarized, it being the same night the saloon was burglarized. The transactions were so interwoven as to be part and parcel of the same transaction.

However, as we view the record, there are several errors pointed out in the bills. The bills themselves are very vague, indefinite and incomplete, but we think that bill No. 6 is sufficiently full and complete to present the matter complained of, and as it presents error, we will

review all the questions wherein we think the court erred, regardless of whether or not the bills are full enough in and of themselves to manifest the error, so that they will not occur on another trial.

As stated, the State placed, appellant, his son and Hainey at the drug store at the time the drug store closed. Then by Mr. and Mrs. Fetters it proved that appellant, his son and Hainey walked down in front of the saloon, and in a few moments turned and went into the saloon. The State also proved the saloon was burglarized. This evidence would support a conviction.

Appellant took the stand and admitted he was at the drug store, and said he walked down in front of the saloon, and was waiting for a car to go home. While standing there he was called by Frank Barefield, *who was inside of the saloon,* and asked if he did not want a drink; that he, his son and Hainey turned and went in the saloon through an open door, and when he got in there he could see what was taking place; he then refused to drink, and he and his son at once left; that as he left Ford was passing along with his arms full of bottles of whisky, and asked him if he wanted a portion of it, and he told him no. It is seen his defense was that Barefield and Ford burglarized the saloon, and while he went into the saloon, his acts were not such as to constitute him a party to the crime, either as principal, accomplice or accessory. While testifying, as shown by one bill, he desired to testify to what Barefield told him on that occasion how he said he (Barefield) got into the house. The court excluded this testimony on the ground that Barefield would not be a competent witness, as he was also charged with the offense. There is no doubt that Barefield would not be a competent witness, but what appellant wished to testify to was res gestae of the crime. Barefield made the remarks while engaged in the very act, and it has always been held that declarations made by a person, who is incompetent to testify as a witness, are admissible if res gestae of the transaction. Neely v. State, 56 S. W. Rep., 625; Croomes v. State, 40 Texas Crim. Rep., 672; Kenney v. State, 79 S. W. Rep., 817; Hunter v. State, 54 Texas Crim. Rep., 224; Thomas v. State, 47 Texas Crim. Rep., 534. Appellant was testifying (and that was his defense), that Barefield and Ford alone committed the burglary, and anything that was said or done tending either to prove or disprove that fact would be admissible if res gestae of the transaction. It is the event speaking, not the person testifying. Mr. and Mrs. Fetters did not see Ford or Barefield—they only saw appellant, his son and Hainey enter the saloon.

Appellant desired to introduce the judgment showing that Barefield and Ford had plead guilty to burglarizing this saloon on this occasion. This judgment should have been admitted.

It is evident from the State's testimony that all five men did not enter from the front door, and did not go in together. Any testimony which would tend to show that Ford and Barefield alone were the parties who broke and entered the saloon should have been admitted, as this was a part of appellant's defense. Beginning with Dubose v. State,

10 Texas Crim. App., 251, we have an unbroken line of decisions holding that when the issue is whether or not the person on trial committed a crime, he has the right to show that some other person committed it, and any evidence tending to show that fact is admissible. Kunde v. State, 22 Texas Crim. App., 65. In that case it was held that threats and acts of a co-defendant proximately connected with the transaction, tending to show that he committed the crime, are admissible. Of course, the question would then arise as to whether appellant on the occasion so conducted himself as to be a principal in the transaction. If he was standing out in front, keeping watch, while Barefield and Ford broke and entered the saloon, he would be a principal. The court submitted properly the law as to who are principals, but he nowhere in the charge instructed the jury that the mere presence of appellant at the time and place of the commission of the crime would not constitute him a principal, unless he aided by acts, or encouraged by gestures those engaged in the offense. Under appellant's testimony he had the right to have presented the law applicable to the State of case upon which he relied for a defense. This was not complained of before the charge was read to the jury, but inasmuch as the case will be reversed on other grounds, we call attention to it so that the law may be properly applied on another trial.

Appellant testified that when he saw Barefield and Ford in the saloon, and understood what they were doing, he at once left. He testified to meeting several people on his way home, and he desired to prove by these people that he had nothing in his hands, and his clothing gave no evidence that he had anything in his pockets or concealed beneath his clothing. He further desired to prove by City Detectives Lyons and Martin that the morning after the burglary they searched the house of appellant and found none of the stolen property in his house nor in his possession. Detective Lyons did testify that he searched appellant's premises and found none of the stolen property. When the State went to cross-examine this witness the court remarked: "All this cross-examination of the testimony of this witness could have been eliminated upon objection by the State, because the testimony is immaterial." Exception was reserved to the remark that the court considered immaterial the testimony of Detective Lyons that he had searched the premises of appellant and found none of the stolen property. This remark was calculated to cause the jury to give but little, if any, weight to Lyons' testimony. Appellant also offered Detective Martin as a witness, and desired to prove by him that he searched appellant's premises and found none of the missing property. The court sustained objection to this testimony, and excluded it. We think this testimony clearly admissible, and the remark of the court was improper. If those officers had found in their search a portion of the missing property, this court has held recent possession of stolen property, unexplained, will sustain a conviction. (Jackson v. State, 28 Texas Crim. App., 370; Brown v. State, 56 Texas Crim. Rep., 87.) Then why should not evidence that appellant's premises were searched by the officers and

none of the stolen property found be admissible as a circumstance in his favor, as much so as the circumstance that goods were found be admissible for the State? One is a circumstance tending to show guilt, while the other is a circumstance tending to support his plea of innocence, and especially in this case does this testimony become very material, for appellant admits going in the saloon, as he says, being asked by Barefield and Ford, who have plead guilty to burglarizing this saloon on this occasion. The goods were found, or a portion of them, apparently from this record, in the possession of Ford and Barefield, but there is no evidence that any of the goods were found in appellant's possession, or in the possession of his son or Hainey, the three men the Fetters saw together, and saw enter the saloon. Certainly the testimony would have a strong tendency to show that appellant's testimony as to why he entered the saloon and immediately left when he saw what was occurring was probably true, and if true he was entitled to an acquittal.

An another trial the court will admit the testimony of the res gestae statements of Barefield; he will admit the testimony that from the appearances of appellant's clothing he had none of the stolen property in his pockets or concealed about his person, while on his way home from the saloon, that is, so far as the witness could judge from appearances; he will admit the testimony that appellant's premises were searched by Officers Lyons and Martin, and they found none of the stolen property in his possession, nor on his premises; he will admit the pleas of guilty of Barefield and Ford that they committed this burglary, and then he will properly apply the law as to who are principals, presenting appellant's theory as made by the testimony, as well as the law as applicable to the case as made by the State's evidence.

If Barefield and Ford had already broken and entered the saloon before appellant, his son and Hainey went into it, they would not be guilty as principals with Barefield and Ford, unless they were acting with them. If there was no acting together, and Barefield and Ford entered from the rear or some other door before appellant, his son and Hainey entered at the front door, appellant could not be held responsible for the acts of Ford and Barefield. He would not be a co-principal with them or either of them, even though he entered the saloon at the invitation of Barefield, who was a former owner of the saloon, after the entry had been made. The testimony of Mr. and Mrs. Fetters, for the State, would have a tendency to show that appellant, his son and Hainey were not acting with Barefield and Ford, even if appellant, his son and Hainey broke, within the contemplation of law, the front door. Mr. and Mrs. Fetters did not see Barefield nor Ford. They only saw the other three, and appellant's explanation, if true, would show that he was not at least acting with Ford and Barefield. Of course, the circumstances raise the issue that he may have been acting with them, and the law should be properly submitted presenting the various phases as made by the testimony.

We do not deem it necessary to discuss the other questions raised.
The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

February 16, 1916.

HARPER, Judge.—The State has filed a motion for rehearing, insisting that bill of exception No. 6 is insufficient in that the answer of the witness is not stated and copies bill No. 7 in the motion. This was not the bill we held sufficient, but it was bill No. 6, which complained of the comment of the court on the weight to be given the testimony of the witness Lyons. Lyons had testified that he went to the home of appellant to see if he could find any of the articles stolen out of the burglarized house; that he searched the house and did not find anything they were looking for. After the witness had so testified, bill No. 6 shows that when the State started to cross-examine this witness the court remarked: "All this cross-examination could have been eliminated upon objection by the State, *because the testimony is immaterial.*" (Defendant): "We reserve an exception to the remark of the court." The defendant then desired to prove similar testimony to that of Lyons by Detective Martin—to prove by Martin that defendant had none of the stolen goods at his house. The court refused to permit him to prove these facts by Martin and sustained an objection to his testimony. Defendant then proceeds in the bill to state that he objected to the remarks of the court as being upon the weight to be given the testimony; and, as the remarks of the court were calculated to and would cause the jury to give no weight to the testimony of Detective Lyons that he searched appellant's house and found none of the stolen goods in appellant's possession, we held this bill presented error and are still of that opinion, and the question is sufficiently presented in the bill to authorize us to review the action of the court.

The motion for rehearing is overruled.

*Overruled.*