## GILBERT McGUFFEY v. THE STATE.

No. 10303. Delivered March 9, 1927.

Rehearing denied June 22, 1927.

**1.—Murder—Comments of Court—On Weight of Evidence—Not Shown.**

Where, during the progress of the trial, the court in ruling on the objections to the evidence, etc., said in the presence of the jury in effect that a question asked and not answered, was not material, and of a matter inquired about, that same was in the record, such remarks cannot be regarded as comments on the weight of the evidence.

**2.—Same—Conduct of Court—Held Proper.**

As necessary to the proper conduct of the trial, all of its proceedings are under the control of the trial judge, and there is no error shown on his action in this case in requiring counsel for appellant to take his seat, while examining a state witness.

**3.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception fails to set out any facts showing the materiality or relevancy of objections to testimony, and where same does not show that objections made to the court were ruled upon, such bill is incomplete, and presents no error.

**4.—Same — Impeaching Witness — Showing Indictment for Felony — Held Proper.**

There was no error in permitting the state to prove on cross-examination of a defense witness named Brown that witness had been indicted for hi-jacking a white man, without regard to any comments of this court, made in passing upon the case of said witness when appealed to this court, that he was a juvenile at the time of his trial.

**5.—Same—Evidence—Not Proper for Impeachment.**

There was no error in the refusal of the trial court to permit the appellant to prove that a state witness had been running a gambling house at the time of the homicide. Evidence of particular acts of misconduct, is not admissible for the purpose of impeachment. See Branch's Ann. P. C., Sec. 168. McAfee v. State, 17 Tex. Crim. App. 135, and Conway v. State, 33 Tex. Crim. App. 329.

**6.—Same—Evidence—Cross-Examination—Held Proper.**

There was no error in permitting the state, on cross-examination of a

defense witness, to ask him if a certain writing which was shown witness, was not signed by him in which he had made a statement at variance with his testimony given on the trial, which the witness answered in the affirmative.

### 7.—Same—Evidence—Predicate for Impeachment—Held Proper.

As a predicate for impeachment it was proper to permit the state to ask a defense witness, if she had not told State's Attorney to put certain matters in a written statement.

### 8.—Same—Comments of Court—No Error Shown.

Where appellant objected that state's counsel on his cross-examination of a defense witness was arguing with the witness, there was no error in reply to this objection for the court to remark that the witness was arguing.

### 9.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of a question propounded to a defense witness for the state, if she did not tell State's Attorney the day after the killing that "she called to him, but he would not stop," and no facts are set out in the bill in explanation of appellant's objection, same is incomplete, and no error is presented.

#### ON REHEARING.

### 10.—Same—Impeaching Defense Witness—No Error Shown.

On rehearing appellant insists that the impeachment of his witness Brown by showing that he had been indicted for robbery was error, because witness was a juvenile, and under Art. 1092, C. C. P., could not be impeached by evidence of his indictment, while a juvenile.

### 11.—Same—Continued.

The conviction of witness, inquired of by the state, was reversed on appeal, this court then holding him to be a juvenile. When he testified on the trial of this case, he was no longer a juvenile, and the indictment against him being still pending, he was not exempt from impeachment by virtue of Art. 1092, C. C. P., supra.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of murder, penalty thirty-five years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction of murder, punishment thirty-five years in the penitentiary.

Appellant shot and killed Ben Savage. His theory on the trial was that he shot at one Lewis because he thought Lewis "was fixing to shoot" him. The state's theory was that appellant shot Lewis and then turned and shot Savage. The testimony is ample to support the state's theory.

Bills of exception Nos. 1, 2, 6, 7 and 15 complain of what are deemed to be comments by the learned trial judge on the weight of the testimony. Each bill has been examined and none of the statements attributed to the court below appear to us to be comments on the weight of the testimony before the jury. To illustrate: It is not such comment for the court to say that a question asked and not answered, is not material; nor for the court to say of a matter inquired about, that same was in the record. We find nothing in any of said bills of exception.

Complaint is made of the court directing appellant's counsel to take his seat while examining a state witness. It is not shown in the bill whether in fact counsel did so sit down, but we infer that he did. Such matters are practically of necessity confided to the discretion of the trial court. No injury is shown.

There is nothing in bill of exceptions No. 4 of any statement of facts which would afford us light on the materiality or relevancy of the things asked and rejected. Same further shows objection to a question not answered and not in itself harmful. Further, we might observe that the objection made to the court does not seem to have been acted upon.

Bill No. 5 shows that a defense witness was asked on cross-examination by the state if he was not under indictment for hi-jacking a white man, to which he answered "yes." Much argument seems to have been indulged in before the court below regarding a former trial of the witness upon said indictment, and as to the effect of the opinion handed down by this court. The discussion wound up by the trial court overruling the objection. We see no error in the matter. Even though we suggested in our opinion handed down in the trial of said case, that under the facts before the trial court, and at the time the case was originally tried, it would have been proper to direct a dismissal of the case, and that the accused be tried in a juvenile court, still, when the case was called for trial later, if it was discovered that he was over the statutory age of juvenility, he could not then be tried and sent to the reformatory, but would be tried as in any other felony case.

Bill of exceptions No. 8 shows that a state witness was asked if another state witness by the name of Lewis had been running a gambling house at the time of and prior to this shooting. The

state's objection to this was sustained.   Mr. Branch in Sec. 168 of his Annotated P. C. cites many authorities supporting the proposition that evidence of particular acts of misconduct is not admissible.   See McAffee v. State, 17 Tex. Crim. App. 135; Conway v. State, 33 Tex. Crim. Rep. 329.

No error appears in the action of the State's Attorney, during his cross-examination of a defense witness, in asking him if a certain writing, shown witness, was not signed by him, and if he did not therein make a certain statement at variance with his testimony given on this trial.   The witness answered in the affirmative.   Substantially the same complaints appear in bills Nos. 10, 11, 12 and 13.   We are not in accord with the contention in either of said bills.

Bill No. 14 shows that during the cross-examination of a defense witness she was asked by the District Attorney if she did not tell him to put a certain matter in a written statement. This was objected to as being hearsay and tantamount to the attorney testifying, and as causing the jury to believe that witness was lying.   Certainly it was an effort of the state to show that she was not telling the truth.   We do not perceive any ground for holding that the attorney was testifying, and as far as the hearsay objection is concerned, we observe that practically all predicates laid to impeach witnesses will necessarily be hearsay as to the defendant in the particular case.

Bill of exceptions No. 15 shows that to a question asked by the State's Attorney, an argumentative answer was returned, and upon the question being repeated, the witness made an evasive answer.   At this point defense counsel objected on the ground that state's counsel was arguing with the witness.   The trial court suggested "She was arguing.   She was asking him a question."   We think the trial court stated the facts.   The witness, not the examiner, was arguing.

Bill of exceptions No. 16 sets out that a defense witness was asked if she did not tell the State's Attorney, the day after the killing, and if it was not put into her written statement:   "I called to him but he would not stop," to which the witness replied, "I might have told you that."   The bill sets out numerous objections but no facts showing the immateriality or otherwise, or the possible harm of the question, or its answer.

We have examined bills of exception Nos. 17, 18, 19, 20 and 21 and find nothing in them a discussion of which could possibly

be of any benefit.  We are of opinion that none of them present error.

Being unable to agree with any of the contentions made by appellant, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains because we did not discuss at more length his various bills of exception and set forth in detail our reasons for the disposition made of them. This court finds it impracticable many times to consider seriatum complaints brought forward in the record on account of the resulting opinion being of undue length.  The present case is an illustration, the record containing twenty-one bills of exception.  We have again examined the bills containing complaints that the trial court commented on the weight of the evidence. Most, if not all of the authorities cited by appellant upon original submission, are cases where the court's statement was with reference to testimony admitted and which was before the jury for its consideration and where the court's comment gave the jury his view of such evidence.  Simmons v. State, 55 Tex. Crim. Rep. 441, 117 S. W. 141, and McPherson v. State, 79 Tex. Crim. Rep. 93, 182 S. W. 1114, to which we are referred in the motion for rehearing also reflects the same condition.  Unless we misapprehend the bills upon this point in the present record they do not reveal a similar state of facts and to our minds show no error which calls for a reversal.

Appellant further complains that we committed error in the disposition made of his bill of exception No. 5.  Upon cross-examination the District Attorney, over objection, asked appellant's witness Brown if he was not then under indictment for "hi-jacking," to which the witness replied in the affirmative, the specific objection being that the case to which the District Attorney referred occurred while Brown was a juvenile, and that under the provisions of Art. 1092, C. C. P., inquiry was not permitted.  The statute in question reads as follows:

"A disposition of any delinquent child under this law or any evidence given in such case, shall not, in any civil, criminal, or other cause or proceeding whatever, in any court, be lawful or proper evidence against any child for any purpose whatever, except in subsequent cases against the same child under this law.  Neither the conviction of the accused as a delinquent child nor the service of sentence thereunder shall deprive him

or her of any rights of citizenship when such child shall become of full age."

The record reveals that in the case against Brown the court had found him at the time of trial to be a juvenile. Instead of dismissing the indictment charging him with a felony and proceeding against him under the juvenile statute he was tried and convicted for robbery upon the indictment at a time when he was still a juvenile. Upon appeal the judgment of conviction was reversed. Because this court said the felony charge should have been dismissed at the time Brown was found to have been a juvenile, appellant takes the position that the state was inhibited by the statute quoted from showing for the purpose of impeachment that the indictment was still pending against him. At the time of the present trial Brown was 18 years of age. He had passed the years of juvenility and therefore could not then have been proceeded against as a delinquent. There had been no disposition of him as a delinquent as contemplated under Art. 1092, C. C. P. Under the circumstances we think no error was committed by the court in permitting the inquiry complained of.

We have carefully examined all other bills of exception which appellant reasserts reveal error calling for a reversal. This opinion on rehearing would extend beyond reasonable bounds should we discuss each of them, but we think the matters complained of in the various bills were properly disposed of in our former opinion.

The motion for rehearing is overruled.          *Overruled.*