LORENZO PEREZ GUTIERREZ V. STATE.

No. 30,874. June 27, 1959.
Motion for Rehearing Overruled October 21, 1959.

*Ralph Chambers,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Wallace C. Moore,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is felony theft of an automobile; the punishment, enhanced by two prior convictions, life.

The indictment alleged that appellant was convicted on September 25, 1952, in Criminal District Court No. 3 of Harris County, Cause No. 67239, of robbery.

This conviction was established by certified copies from the records of the Texas Department of Corrections, of the judgment and sentence, together with fingerprints and photograph record, and the testimony of a fingerprint expert that the prints were identical with those of appellant which he took and which were introduced in evidence.

The indictment alleged a second prior conviction, this for

assault with intent to rape committed after the conviction in Cause No. 67239 had become final. This conviction was in Cause No. 77643 in Criminal District Court No. 2 of Harris County on June 20, 1956, and was proved in like manner as the first.

The indictment in the latter cause returned May 21, 1956, was introduced. It alleged that the offense was committed on or about April 18, 1956. Considering the applicable period of limitation, the indictment sufficiently shows that the conviction thereunder was for an offense committed after the conviction in September 1952 became final.

The primary offense was the theft of an automobile from Dorothy Johnson on September 6, 1958.

The evidence shows that her then boy friend, who at the time of the trial was her husband, left his automobile in the custody of Dorothy Johnson who parked it at the curb near her home.

Patrolmen saw appellant and one Gallegos pushing the car from the curb. They asked what the trouble was and were informed by the pushers "that they were driving too fast and their car slipped on the street, which was wet, and ran into the curb, and they were pushing it out from the curb to get it straight."

The officers drove away and into a driveway from where they saw appellant and his companion drive the automobile east with their lights off. They followed and stopped them at an intersection. Gallegos was driving.

Upon investigating, the officers found that the switch had been wired around with tin foil.

The officers returned to where they first observed the car being pushed from the curb and located Dorothy Johnson, who had not missed the car. Both appellant and Gallegos admitted to the officers that they stole the automobile.

Gallegos told the officers that he stole the car and that he picked up appellant. He was permitted to testify as a witness in appellant's behalf and testified, as he did at the examining trial, that appellant was not with him when he took the automobile.

It is evident that the jury chose to reject Gallegos' testimony, which was within its province.

Dorothy Johnson testified that she did not give appellant or any other person permission to take the automobile, the value of which was sufficiently shown to be more than $50.

The evidence is deemed sufficient to sustain the conviction.

No brief has been filed in appellant's behalf. We have examined the informal bills reserved in the statement of facts and find no error which would warrant reversal. There are no formal bills and no exceptions to the court's charge.

The judgment is affirmed.