## HENDERSON SPARKS V. THE STATE.

### No. 653.   Decided January 23.

1. **Burglary Charge—Statutory Illustration of Force.**—On a trial for burglary, where the court, in charging the jury as to the necessary force required, used the statutory illustration of "lifting the latch of a door," etc., and it was objected, that there was no evidence that the entry was made by "lifting a latch," *Held*, in defining and illustrating the character of force used to consummate a day-time burglary, it is not error for the court to present in the charge the statutory illustrations, though the particular character of force proved was not such as is contained in the statutory illustrations.

2. **Same.**—A day-time burglary is not circumscribed by the illustrations of force made use of in the statute. If a door be shut and simply held in position by its own pressure upon the sill and facing, it is a sufficient force and breaking, to constitute a day-time burglary, to push, pull, or shove it open with burglarious intent.

3. **Confession to Officer—Charge of the Court with Reference to.**—Where the evidence with regard to the circumstances under which a confession was made to an officer is conflicting as to whether it was freely and voluntarily made, and the court admits it, it then becomes the duty of the court to instruct the jury, that if they believe such confession was not freely and voluntarily made after accused had been warned by the officer as the statute requires, but that the same was induced by duress, threats, or coercion on the part of the officer, they should wholly disregard and not consider such confession.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

Appellant was indicted for the burglary of the house of one Nick Lechter, with intent to commit theft, and was convicted at his trial for said offense, the punishment being assessed at a term of two years in the penitentiary.

The important features of the case as made by the evidence are sufficiently shown in the opinion. Among other matters, the court instructed the jury in the fourth paragraph of the charge, as follows: "By the term breaking, as used in this charge, is meant that the entry must be made by actual force. The slightest force, however applied to any part of the house to effect an entrance, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or unbolting a door that is bolted, or pushing open a door that is closed, or the raising of a window that is down. The entrance into a house by a door that is open already, if done in the day-time, does not constitute a breaking or burglary, even though such entrance be made for the purpose of stealing therefrom." This instruction is complained of, because there was no evidence that the entrance was effected "by lifting a latch." Defendant requested a special instruction as to the confessions, as follows: "If you believe from the evidence that the confessions made by defendant were made through the influence of the threats made by the officers at the time he was arrested, you will not consider them as a part of the evidence in this case."

*J. Y. Cummings* and *Andrew H. Jackson*, for appellant, filed an able and interesting brief.

No brief on file for the State.

HENDERSON, JUDGE.—The appellant was tried and convicted in the lower court of the offense of burglary, and his punishment assessed at imprisonment in the penitentiary for a term of two years.

The defendant makes but two assignments of error which require notice.

It is insisted that the court should not, in presenting to the jury a definition of the force requisite to constitute burglary, have used the statutory illustration, as "lifting the latch of a door," etc., there being nothing in the evidence indicating that the entry was so made. It is true there was nothing in the evidence to show that the door was fastened by a latch or bolt; but the court further illustrated the meaning of force by presenting in the charge the very kind of force which the evidence shows was used in this case to effect an entry, to wit, "by pushing open a door that is closed." We hold that it was no error on the part of the court, in defining and illustrating the character of force used to consummate a day-time burglary, to present to the jury the statutory illustrations, although there was no evidence of the particular character of force contained in the statutory illustrations. We do not understand a day-time burglary to be circumscribed by these statutory illustrations, but that they are intended to illustrate that any force, however slight, if applied to the house, is used, and an entry is thus effected, the breaking and entry is complete; and in our opinion, if a door is shut and held in that position by friction of the door itself with the sill and facing, and it is pushed, pulled, or shoved open, it is a sufficient breaking and force to constitute a day-time burglary, if the other essentials of the offense are present.

The other assignments relate to the refusal of the court to properly instruct the jury as to the confessions of defendant while under arrest.

The confessions of defendant made to Hardwick, the officer who arrested him, were admitted in evidence on the trial of the case. Hardwick says: "When I arrested defendant at Waco I warned him, telling him if he made any statement about the matter, it could and would be used as evidence against him." That he made no threats against him. Defendant then said, "that he and the negro boy, who ran when I arrested him, got the things out of a house in Fort Worth. He said he watched while the other boy got the things."

The defendant took the witness stand and gave his version of the matter. He said: "I had been in Waco but a short time when I was arrested. I told the officer at first the truth. I told him I got the goods from a boy in Hillsboro." But he states, that after he was put in jail the same officer (Hardwick) came to him and told him that a rape had been committed, and that defendant answered the descrip-

tion of the person who committed it; and that there were a lot of farmers waiting at the depot, ready with tin cans of oil to burn him, and that if he was taken there they would be sure to burn him; and that he urged him to plead guilty to the burglary committed at Fort Worth, rather than take the chance of being burned. According to his evidence, the officer came to him several times with the same statements of the rape and the mob ready to burn him, and that he at last told him that the marshal was going to take him (defendant) over to where the rape was committed, and that the farmers would be sure to burn him. That then he told the officer that he would rather go to Fort Worth and plead guilty than be burned. And that he then told the officer that he kept "jiggers" while another negro went into the house and got the things. And he further stated, that the officer did not tell him that what he said would be used against him on the trial of the case.

The officer denied this statement of the witness, but stated, that after he had locked the defendant up he received a telegram from Corsicana asking him to watch for a negro, who answered the description of defendant, who had committed a rape in that city. That he went to defendant's cell and talked to him for a long time to try and find out if he was the rapist, but that he never at any time told him there were a lot of farmers waiting at the depot with oil cans to burn him.

As before stated, the court admitted the confession of defendant on the predicate laid by the witness Hardwick, and there is nowhere in the charge any instruction to the jury with reference to the confession of defendant. This was very material testimony against the defendant (inasmuch as his defense was that he got the property from a boy in Hillsboro), and while it was the duty of the court in the first instance to pass on its admissibility, yet where two theories are presented by the evidence, one of which rendered the confession admissible and the other excluded it, if the court, after hearing the testimony, should in a case like this conclude to admit it, it then becomes the duty of the court to instruct the jury, if they believed that the confession was not freely and voluntarily made, after having been warned by the officer as the statute requires, but that the same was induced by duress, threats, or coercion on the part of the officer, to wholly disregard and not consider such confession. Such is the rule laid down by Mr. Wharton (Wharton on Evidence, section 397) in a bigamy case, where the issue was whether the person testifying was the wife of defendant, and the same principle is applicable in this character of case. Such a charge was asked by defendant and refused by the court; and for this error of the court, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.