## SULLIVAN v. HARTFORD FIRE INSURANCE COMPANY.

### No. 431.—Decided June 8, 1896.

**1. Jurisdiction of Supreme Court—Conflict of Decisions.**

The Supreme Court will not entertain jurisdiction over a case from the Court of Civil Appeals on the ground that it overrules the decision of another Court of Civil Appeals, when such decision had been overruled by the Supreme Court before the one sought to be reviewed was pronounced.

**2. Fire Insurance—Forfeiture—Policy on Building.**

By art. 3089, Revised Statutes, a policy upon a building becomes a liquidated demand for its full amount on the destruction of the premises by fire and, the value of the property being immaterial, the insurer cannot avoid liability under a clause in the policy requiring affidavit by insured as to the value and making the policy void in case of any fraud or misrepresentation in such affidavit as to the value of the property destroyed.

**3. Same—Building and Furniture—Divisible Contract.**

Such clause (avoiding policy for fraud in respect to value claimed in proof of loss), when inserted in a policy insuring, for different amounts, both the building and the furniture contained in it, cannot be construed as applicable to the building, but the policy may be treated as divisible and the terms of forfeiture for false affidavit or statement as to value made subsequent to the fire applied only to the personal property, though the contract by its terms makes the entire policy void in such case.

**4. Same—Condition void in Part.**

If the policy is to be treated as entire, it seems that the condition for forfeiture, if void in part, would be void in toto.

**5. Same—Cases Discussed—Construction of Contract.**

Ward v. Ins. Co., 7 Texas, Civ. App., 138; Ins. Co. v. Smith, 29 S. W. Rep., 264, and Bills v. Ins. Co., 87 Texas, 547 discussed, and the decision in the latter case held not to be in conflict with the present opinion or that of the Court of Civil Appeals in this case, though a similar policy is treated in one case, as entire and in the other as divisible; the result being reached in both cases by applying to different circumstances the same rule of construction—that the condition of forfeiture must be construed against the insurer and so as to prevent forfeiture if the language used would admit of such construction.

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Kaufman County.

The suit was by Sullivan to recover against the insurance company upon a policy on his house and furniture, which were destroyed by fire. Defendant had a verdict and judgment in the trial court, which was re-

versed and the case remanded by the Court of Civil Appeals on plaintiff's appeal. Defendant obtained a writ of error on the ground of conflict in the decisions.

*Morgan & Thompson* for plaintiff in error.

*W. H. Allen* for defendant in error.

BROWN, Associate Justice.—The Hartford Fire Insurance Company issued to Sullivan a policy on his dwelling house and household and kitchen furniture in the sum of $1400—$900 being placed on the house and $500 on the furniture. The following are the findings of fact in the Court of Civil Appeals pertinent to the issues presented in this court: "The policy provides that the entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not fully stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

"A fire occurred, destroying the property, and proofs of loss were prepared under the terms of the policy as required therein, and were presented to the insurance company. The proofs of loss prepared by plaintiff and presented to the company, sworn to before H. K. Hart, notary public, claimed the value of the house to be $1761.65, value of the personal property, $529.85, the loss or damage to the personal property, $378.60."

After the jury had retired to consider their verdict, under the instructions of the court, they came into court and propounded the following question in writing: "If the jury believes that the plaintiff's loss on household furniture and kitchen goods is less than reported by him, and if they further believe that said representation was made for the purpose of fraud, are they instructed to find the entire policy void or not?" To which the court replied in writing, as follows: "Gentlemen of the jury, in answer to the question propounded to the court, the jury are instructed if they believe from the evidence that the plaintiff knowingly and falsely and fraudulently claimed a greater amount than was due him for the destruction and damage to the household and kitchen furniture in his statement to the defendant of the loss sustained by him, and that he made oath to the same, then in law the policy of insurance would become void, and the jury should find for the defendant as to all the insurance."

The jury returned a verdict for the defendant, upon which verdict the District Court entered judgment in accordance therewith, and upon appeal the Court of Civil Appeals reversed the judgment of the District Court and remanded the case upon the ground that the policy of insurance was divisible, and that although there may have been fraud and false swearing on the part of the insured as to the value of the household goods, this would not affect the right of recovery as to the dwell-

ing house.    The application for writ of error is based on the alleged conflict between this ruling of the Court of Civil Appeals and the cases of Insurance Co. v. Ward (26 S. W. Rep. 764), 7 Texas Civ. App., 13; Insurance Co. v. Smith, 29 S. W. Rep., 264, and Bills v. Hibernia Insurance Co., 87 Texas, 547.

If a conflict exists this court has jurisdiction, and the only question for our consideration is, was the policy under its terms divisible upon the facts stated by the Court of Civil Appeals?

There is no conflict between this case and that of Insurance Co. v. Ward, but we think there is a direct conflict between the case of Insurance Co. v. Smith and the case now before the court.    Insurance Co. v. Smith was decided by the court of the Third Supreme Judicial District January 30, 1895, and the case of Bills v. Insurance Co. was decided by this court February 25, 1895.    The two cases are in direct conflict with each other; hence the effect of the case of Bills v. Hibernia Insurance Co. was to overrule that of Insurance Co. v. Smith, and this court will not entertain jurisdiction upon a conflict between the case sought to be reviewed and one which has been overruled either by the court which decided it or by a subsequent decision of this court.    Therefore, the question of jurisdiction depends upon whether or not the case now presented is in conflict with that of Bills v. Insurance Co., which we will proceed to examine.

There is an apparent conflict between the two cases in this, that a clause of the policy in each, containing practically the same language, is differently construed in the two cases.    In this case it is held to be divisible and in the case of Bills v. Insurance Co., it was held to be entire. In order to determine whether or not there is a conflict between the two cases, we must determine whether they are subject to the same rules of construction under the accompanying circumstances.

Article 3089, Revised Statutes, reads thus:    "A fire insurance policy, in case of total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property."    The house insured in the policy under investigation was totally destroyed, hence the policy for the amount placed upon the house became a liquidated demand against the insurer, and so far as the amount to be paid was concerned, the value of the property destroyed could not be made an issue in the trial of the case nor a question in the investigation of the loss by the insurer.    In so far as the value of the house bore upon the question of fraud in obtaining the policy of insurance, the insurance company had no right to call upon the insured after the loss to make an ex parte affidavit with regard thereto.    It follows that in our opinion if the policy had been upon the house alone, an affidavit made by the insured after the loss occurred which falsely stated the value of the property would be upon an immaterial matter and could not work a forfeiture of the policy which had become a liquidated demand under the statute.    Such a clause of forfeiture, so far as applicable

to a house which was totally destroyed, would be in conflict with the provision of the statute in that it would prescribe terms of forfeiture based upon a matter which could not be made material under the statute and which could not in any way affect the rights and interests of the insured or insurer.

It being true that the insurance company could not have made such condition in a policy insuring the house alone without any personal property being embraced therein, we think that it necessarily follows that such a clause in a policy which embraces both the house and personal property cannot be construed to be applicable to the house, because a forfeiture would be thus produced by indirect means, which could not have been affected by the same condition directly applied to the house. The most liberal construction for the insurer that could be placed upon such a policy would be to hold it divisible, and that the terms of forfeiture embraced in the policy should apply to the personal property when the false affidavit or false statement has been made as to it at a time subsequent to the fire. If the policy be entire and the condition be void in part, it would be void in toto. We, therefore, conclude that the Court of Civil Appeals did not err in holding that false swearing with reference to the value of the personal property, subsequent to the fire, did not work a forfeiture of the liquidated demand in favor of the insured for the amount placed upon the house.

We held in Bills v. Insurance Co. that the policy was entire, but that conclusion was reached by the application of the rule that the condition of forfeiture must be construed against the insurer and so as to prevent a forfeiture, if the language used would admit of such a construction. Applying the same rule of construction in this case, it must be held that the condition of forfeiture embraced in this policy, which could not have been made to work a forfeiture of the liquidated demand for the house if it had been expressly so stated, must at least be limited in its effect to the unliquidated claim for the personal property to which it could have been made to apply by use of language so limiting its effect.

There is no conflict between the decision of the Court of Civil Appeals in this case and the decision of this court in the case of Bills v. Hibernia Insurance Co., and this court has no jurisdiction of this cause. The case will be dismissed for want of jurisdiction in this court; the plaintiff in error to pay the cost of this proceeding.

*Writ of error dismissed.*