*550
 
 HAWKINS, Judge.
 

 The offense is burglary; punishment, two years in the penitentiary.
 

 Appellant had made a confession. Bill number one recites that at the beginning of the trial appellant through his counsel advised the court that he understood the State was relying in part upon this confession and requested permission to inspect the same at that time and asked the court to direct counsel for the State to turn it over to appellant’s counsel for that purpose. This the court declined to do and appellant complains at this ruling. We are advised of no law which would require the court at that stage of the proceeding to command counsel representing the State to deliver the confession to counsel for appellant for inspection. When the State offered it in evidence counsel for the defense was entitled to inspect it in order that he might offer objection, if any he had, to its introduction. There is no complaint that he was deprived of such privilege. The bill presents no error.
 

 Bill number two might be disposed of by stating that the same is in question and answer form, and for this reason is not entitled to receive consideration. It is with reference to the admission of appellant’s confession, and recites that after the matters occurred which are set • out in the questions and answers the State read a “portion of the statement” to the jury. The bill is silent as to what part was read or what part was omitted.
 

 It is seriously urged that the evidence does not support the conviction on the ground that the offense of burglary is not shown to have been committed by any testimony offered by the State unless it be by the confession of appellant, and that the burglary can not be proven by the confession alone.
 

 A storehouse belonging to Emmet Archer was entered at night and certain articles of merchandise taken therefrom. Some of it was later recovered in an outhouse on premises where appellant lived with his mother. Mr. Archer testified that the store was locked when he left it that night; that whoever entered it came through the rear door; that no one had his consent to make such entry nor to take the things which were removed from the house. Appellant’s confession recites that he and two other parties “broke into the hardware store;” that they took several pocket knives, four flashlights and a 22 target rifle therefrom. Appellant lived at Wichita Falls. The store burglarized was situated at Electra. The confession continues to the effect that they brought the articles back to Wichita Falls, hid some of it on the river, and took the rest to his (appellant’s) house, and hid it in a chicken house on, as he says, “our premises.” This is where some of the stolen goods were found; however, they had been discovered before the confession' was made. The confession further states, “All three of us broke into the hardware store. We
 
 *551
 
 didn’t have anyone’s permission to go in there. We took out a window pane to get in.”
 

 We regret that we cannot agree that the offense is not shown save by the confession of appellant. It is made clear that the entry of the house occurred at night. The owner testified that the store ivas locked at the time he left and that the entry was made without his consent through the back door. It is true appellant says the entry was made by removing a pane of glass from the ivindow. Whether the door was opened from the inside after this was done and the parties came in through the door AA'ould, in our judgment, be immaterial. . If the door was locked it would be burglary, nevertheless, if the entry was made by unlocking the door and entering. „ Many cases are cited by appellant in which the court has held that the offense of burglary, could not be established alone by the confession of appellant, but we think they have no application here. We think the testimony of the OAvner of the building shows a burglarious entry. The State does not rely upon the confession of appellant alone to show that a burglary was committed. We do not think it necessary to review the cases cited ‘by appellant. Our conclusions here and the holdings expressed in them are not thought to be in conflict.
 

 The judgment is affirmed.
 

 Affirmed.