JAMES E. McGILVERAY v. THE STATE.

No. 11944. Delivered November 14, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*W. S. Sproles* and *Rucks & Enlow* of Angleton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being four years in the penitentiary.

The indictment alleged that appellant did "break and enter a house occupied and controlled by E. Rimmer" with intent to commit the crime of theft. It is appellant's contention that the evidence fails to show a "breaking" to effect an entry to the building. Joe Lingo lived across the street from the mill which was the building claimed to have been burglariously entered. Between nine and nine-thirty o'clock at night he observed a light flashing "off and on" in the mill. Upon investigation he discovered someone was in the building moving about as though looking for something. As the person on the inside would move towards the front or rear of the building the witness on the outside would move the same way. Witness heard the person on the inside at the back of the store, and as witness expressed it, he "seemed to be undoing a door or window," after which he went to the front, opened the door, came out, and closed the door behind him. Witness flashed his light on the person and positively identified him as appellant, who had some corn chops in a sack. He ran and was pursued by the witness. Appellant got away at that time but was arrested later in the night. Mr. Rimmer testified that he "had closed up that night earlier" when he left the mill and upon being notified by witness Lingo of what had occurred he (Rimmer) went to the mill and found the front and rear doors closed as he had left them. The front door was equipped with a "Yale" lock which could be opened from the inside by anyone but could only be opened from the outside with a key. The back door or window—which was a wooden shutter—fastened on the inside

with a hasp. It could be raised from the outside by the use of a piece of tin or thin board. Rimmer himself would sometimes enter the building that way when he forgot his keys. The hasp was fastened when Rimmer got to the store. The evidence showed that appellant was to some extent familiar with the building. He had been around Rimmer's place of business and before the burglary had borrowed $5.00 from Rimmer and left a pistol as security, which pistol was then in the safe in the office. The state's evidence excludes any other way of entering the building save thru the front door with a key, or thru the back door by manipulating the hasp from the outside. If appellant entered in either way he would be guilty of burglary. The "force" used in either event would constitute a "breaking." Art. 1394 P. C.; (Hollis v. State, 69 Tex. Cr. R. 286); Matthews v. State, 38 S. W. 172; Sparks v. State, 34 Tex. Cr. R. 86; Jones v. State, 60 Tex. Cr. R. 426; Crane v. State, 91 Tex. Cr. R. 304, 240 S. W. 920; Davis v. State, 99 Tex. Cr. R. 517, 270 S. W. 1022; Wilson v. State, 103 Tex. Cr. R. 403; 281 S. W. 844. Appellant denied entry of any kind, and his testimony and that of all his witnesses was directed towards attempting to establish an alibi. The jury was fully warranted in concluding that appellant entered through the back door by undoing the "hasp" and that when he was working at this door from the inside as Lingo evidently thought "undoing it," appellant was in fact refastening the hasp preparatory to leaving the building through the front door.

It is suggested in appellant's brief that the facts in the record would with equal force support an assumption that appellant entered the building and remained concealed therein until night, but that this phase of burglary is not charged in the indictment. We find nothing in the evidence which might explain appellant's presence in the building on such an hypothesis. The state's evidence does not suggest it and if credence is given to any part of appellant's evidence on the question of alibi it positively discounts the suggestion. The court instructed the jury as follows:

"(1) He is guilty of burglary who with intent to commit theft by breaking enters a house. (2) By the term 'breaking' as used above, is meant that the entry must be made with actual force applied to the building. The slightest force, however, is sufficient, such as the opening of a closed door or window."

Appellant filed written objections to the paragraph quoted on the ground that it pointed out "specific acts" and was under the facts

of this case a charge on the weight of the evidence. The instruction complained of was the substance of Art. 1394 P. C., which defines the term "breaking." The opinion in Sparks v. State, 34 Tex. Cr. R. 86, seems directly at variance with appellant's position.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The burglary alleged in this case was of a house,—a mill belonging to E. Rimmer. Mr. Rimmer swore that he closed up his mill the night of the alleged burglary, and that there were only two ways that it could have been thereafter entered, one by means of a key to the front door and the other by pushing a piece of tin or a small stick through an opening by the side of a solid board window and knocking the latch loose. This justifies the conclusion expressed in our former opinion, viz.: that the front door was shut and that appellant must have entered the building in one way or the other referred to by Mr. Rimmer, and that in either event his presence in the building would be the result of a burglarious entry, to-wit: an entry by force.

According to the testimony of Mr. Lingo, appellant was in the building when witness' attention was attracted, and was going back and forth in the building until he finally came out at the front door having in his possession a sack containing corn chops; also that appellant fled when he discovered the presence of witness. The sack referred to was dropped by 'appellant and was found to contain corn chops, both the sack and corn chops being identical with property of Mr. Rimmer in the mill house before the presence of appellant was discovered. We have carefully gone over the contention made in this motion, and the alibi relied on by appellant having been decided against him by the jury, we perceive no option but to overrule the motion, which is accordingly done.

*Overruled.*