RILEY PATTON v. THE STATE.

No. 12154.  Delivered February 20, 1929.
Rehearing denied March 27, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being five years in the penitentiary.

Appellant, Roy Barnhill and Henry Lark were indicted for robbery of Alf Tate.  Appellant was alone upon trial.  Barnhill and appellant were white persons; Lark and Tate were negroes.  One night in December, 1927 appellant and Barnhill appeared at Tate's house each armed with a pistol and demanded and received from Tate a sum of money which they seemed to know was in a trunk.  Appellant fired a shot at Tate about the time the robbers were leaving.  Upon the trial appellant and Barnhill were identified as the robbers by the witnesses who were present at the time of the robbery.  Immediately after his arrest appellant made statements to the officers which resulted in recovering a part of the money and in finding one of the pistols used in the robbery.  After laying a sufficient predicate the state also introduced the written confession of appellant in which he went at length into the details of the robbery, claiming that he and Barnhill had been told by Lark that Tate

had drawn the money out of the bank and had it in the trunk at appellant's house; he further said in the confession that Lark had accompanied Barnhill and appellant to Tate's house but because Tate knew him Lark had remained outside and watched while the robbery was accomplished by appellant and Barnhill; that the money was divided between the three co-actors.

The only bill of exception in the record complains because of the receipt in evidence of the written confession mentioned. Upon the trial appellant testified that he was drunk when the confession was made; that he had no recollection of what he said to the person who took the confession and that whatever he did say was at the officers' direction and under duress from them. Issues of fact thus being raised the state met them by introducing evidence supporting its contention that the confession was freely and voluntarily made after proper warning and at a time when appellant was in full possession of his faculties, and which negatived any duress or other improper conduct on the officers' part. These issues were submitted to the jury in an instruction which was apparently satisfactory to appellant, no objection thereto appearing in the record. We perceive no error regarding the matter. See Sparks v. State, 34 Tex. Cr. R. 86, 29 S. W. 264, and many other authorities collated under Sec. 75, Branch's Ann. Tex. P. C.

Another portion of the charge which related to finding the pistol and part of the money as a result of appellant's statement to the officers seems to be more favorable to appellant than he was entitled to under the law.

No error appearing in the record the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant in no way supports the proposition that his attorney was not notified of the time for the submission of this case in this court. Nor do we find anything in the record indicating that the failure to make an argument here could have been of possible injury. The only bill of exceptions in the record was discussed in the original opinion, and the matter complained of was beyond doubt properly disposed of in the original opinion. Said bill of exceptions complained of the admission of appellant's confession. As we view the facts, the case was fully made out by eye-witnesses independent of the confession.

The motion for rehearing is overruled.

*Overruled.*