## KING et al. v. WINSTON-NORRIS CO.

No. 19221.   Opinion Filed Sept. 24, 1929.

Rehearing Denied Nov. 12, 1929.

Cruce & Potter and Sigler & Jackson, for plaintiffs in error.

McGown & McGown and Brett & Brett, for defendants in error.

HERR, C. This is an action originally brought in the district court of Carter county by Ed Winston and Geo. Norris, partners, doing business under the firm name of Winston-Norris Company, against J. C. King and J. C. King Company, to recover on a fire insurance policy.

The policy in question was issued by the Guaranty Fund & Fire Underwriters of Dallas, Tex. This company is a foreign insurance company, and at the time of the issuance of the policy was not authorized to do business in this state. The policy was procured by plaintiff through defendants, who are and were at said time acting as local agents of said company at Ardmore, Okla.

This action is against defendants, individually, and is brought under section 6693, C. O. S. 1921, which provides:

"Every agent or other person shall be personally liable on all contracts of insurance unlawfully made by or through him, directly or indirectly, for or on behalf of any insurance company not authorized to do business in this state."

The trial was to a jury, resulting in a verdict in favor of plaintiffs. Defendants appeal.

This is the second appeal. Plaintiffs originally sued on four policies. In the first trial defendants prevailed. The judgment, however, as to the policy here in question was reversed on appeal, but was affirmed as to the other three policies. Winston-Norris Co. v. King, 119 Okla. 109, 249 Pac. 319. The facts are stated in that opinion, and we will not attempt to restate them.

It is contended by appellants that the judgment is not supported by the evidence, and that the court erred in overruling their demurrer to the evidence. This contention is based mainly on the proposition that plaintiff failed to establish that proof of

loss was furnished defendants. This contention is not well taken. We think it was not essential, in order to maintain the action as against defendants, individually, that plaintiff furnish such proof.

In the case of McBride v. Rinard (Pa.) 33 Atl. 750, it is held that, in cases of this character, it is not necessary that proof of loss be furnished the insurance company as provided by the terms of the policy. In that case, however, as suggested by counsel for defendants, proof of loss was furnished the agent. The defense in that case was based on the theory that it was necessary to furnish such proof to the company as provided by the terms of the contract; that the suit as against the agent was on the contract, and that in order to maintain the action, it was necessary to comply with all the terms thereof. In disposing of this proposition, the court said:

"The words of the act make him liable as one of the principals to the contract. They do not declare he shall be personally liable in case proofs of loss are furnished the company at its office in the foreign state, or in case the office of the company cannot be found, or it is insolvent or fraudulent, but that he 'shall be personally liable on all contracts made by or through him, directly or indirectly.'"

The same reasoning applies to the case at bar. The statute does not provide that the agent shall be liable upon furnishing him proof of loss. It is true, as stated in the prior opinion, that the action is on the contract, but the contract does not provide that proof of loss shall be furnished the agent. The provision is that proof of loss shall be furnished the company, and it certainly is not necessary to comply with this provision when suit is brought against the agent, as was held in the case of McBride v. Rinard, supra.

This court, on the former appeal, quoted as follows from the case of Rothchild v. Adler-Weinberger S. S. Co., 130 Fed. 866, 65 C. C. A. 350:

"* * * 'The moment the agent makes a contract for a foreign insurance company which has neglected to obtain the proper authority from the Insurance Commissioner to do business in this state, that is the inception of the agent's liability on the contract, which is consummated by the loss by fire.' But the liability is 'on the contract,' and, therefore, though compliance with 'every subsequent condition imposed upon the assured' may not be requisite to establish its existence, it ceases to be enforceable upon the expiration of the period contractually limited for its enforcement." (Emphasis ours.)

In 26 C. J. 367, the following rule is announced:

"In the absence of any statute or stipulation of the policy requiring it, insured is not required to give notice of loss or to furnish proof thereof to the insurer."

While a breach of certain conditions of the policy might be available as a defense to the agent when sued on the contract, still, we think it not essential that proof of loss be furnished him for the simple reason that neither the statute nor the policy so provides. There was some form of proof of loss furnished the insurance company and the sufficiency of this proof is here challenged. We think the objection thereto is not well taken, but under the conclusion reached, this question becomes immaterial.

No other errors being assigned, judgment should be affirmed.

BENNETT, DIFFENDAFFER, JEFREY, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Fire Insurance," 26 C. J. §38, p. 1001, n. 25.