**FRASER et al. v. ROGERS.**

No. 3955.

Court of Civil Appeals of Texas. Amarillo.

Feb. 1, 1933.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for appellants.

Philip Wolfe, of Pampa, E. F. Ritchey, of Miami, and A. J. Welch, of Clinton, Okl., for appellee.

JACKSON, Justice.

Rose Rogers, plaintiff, as a feme sole, instituted this suit in the district court of Gray County against the defendants W. T. Fraser, W. C. Upton, and M. P. Downs, to recover the sum of $3,500, with interest thereon at the rate of 6 per cent. per annum from April 24, 1928.

She alleges that on January 11, 1928, the defendants were fire insurance agents doing business at Pampa, Tex., as a copartnership under the firm name of Fraser-Upton & Downs. That on said date the defendants, as such agents, solicited her to purchase two insurance policies covering loss by fire on her property located on lot 24 in block 25 in the town of Roxanna, Tex.; that in pursuance to such solicitation, she purchased two fire insurance policies covering said property, the improvements thereon, and the household goods and furniture located in the improvements. That the policies were delivered to her by the defendants; one for the sum of $1,500, issued by the L'Activite Insurance & Reinsurance Company, Limited, and covered the furniture and household goods, the articles of which she itemizes and alleges to be of the value of $2,349.60. That the other policy was for the principal sum of $2,000, issued by the British Islands Insurance Company, Limited, and covered the two-story sheet iron building situated on said lot, of the value of $3,310.10, the title to which she owned in fee simple. That both of said insurance companies were foreign corporations, and neither had a permit to write insurance in the state of Texas, and plaintiff could not enforce the policies against said companies, all. of which was unknown to plaintiff, but well known to the defendants. That she paid the full premium of $122.50 to the defendants, and on February 4, 1928, while the policies were in full force and effect, the building, household goods, and fur-

niture were entirely destroyed by fire, of which she gave the defendants proper notice.

The defendants answered by general demurrer, general denial, specially denied that plaintiff was the owner of the property, denied partnership by verified pleading, and alleged that the policies were obtained by plaintiff with the intention of defrauding the companies by causing the property to be destroyed by fire, and that she did cause the property to be burned.

W. T. Fraser and M. P. Downs also pleaded that if any partnership existed, all of the transactions had with plaintiff pertaining to said policies were had with W. C. Upton, and that they had no notice or knowledge of any of said transactions.

In response to special issues submitted by the court, the jury found, in effect, that the plaintiff caused the property covered by the insurance policies to be burned.

On the verdict of the jury, judgment was rendered that the plaintiff take nothing by her suit, and the defendants go hence without day.

The plaintiff filed a motion for new trial, which was granted, and the judgment based on the jury's finding against her was set aside and judgment non obstante veredicto rendered that the plaintiff recover from the defendants, jointly and severally, the sum of $4,357.50, from which judgment the defendants appeal.

The appellants present as error the action of the court in rendering judgment for appellee inasmuch as she pleaded that she was the owner of the title to the lot in fee simple, and the policies provide they should be void if the insured is other than the sole and unconditional owner, or if the subject of the insurance be a building on ground not owned by the insured in fee simple; the appellee having testified that she did not own the lot in fee simple on which the building insured was situated.

The appellee contends that the appellants, having failed to plead specially these provisions of the policies, cannot avail themselves thereof as a defense.

The suit is based on article 5056, R. C. S., and appellee alleges that the appellants violated the provision thereof by soliciting her insurance and delivering to her the policies. No other infraction of the statute which provides for a penalty is set up, and the pleading must be strictly construed. Cross v. Wilson (Tex. Civ. App.) 33 S.W.(2d) 575.

The article of the statute, so far as material to this litigation, provides: "Any person who solicits insurance on behalf of any insurance company, whether incorporated under the laws of this or any other State or foreign government * * * * or who shall receive or deliver a policy of insurance of any such company * * * or do or perform any other act or thing in the making or consummating of any contract of insurance for * * * any insurance company without such company having first complied with the requirements of the laws of this State, shall be personally liable to the holder of any policy of insurance in respect of which such act was done for any loss covered by the same."

A violation of this article in the particulars alleged, if established by the testimony, made the agents personally liable to the holder of the policies; but any defense available to the insurance companies affecting the loss or avoiding the policies is available to the defendants, since the statute makes the contract embrace or cover the loss for which the agent is liable. Drummond v. White-Swearingen Realty Co. (Tex. Civ. App.) 165 S. W. 20, and authorities cited. See, also, Price et al. v. Garvin (Tex. Civ. App.) 69 S. W. 985; 2 Cyc. of Insurance Law (Couch) 1372; Gates v. Justice, 107 W. Va. 331, 148 S. E. 197; King v. Winston-Norris Co., 139 Okl. 277, 281 P. 953.

It is conceded that neither of the insurance companies issuing the policies had secured a permit to do business in this state.

The appellee testifying in her own behalf, and her testimony is not controverted, stated: "I did not own the land. I just owned the building and furniture. Mr. Bryan owned the land." That she did not build on her own land, never did own the property, never had a deed to it, never had title thereto; that she leased it from the owner, and the lease provided that she might at any time she saw fit move the building off of the lot.

The appellee introduced the policies which, among other things, provide: "This entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void, * * * if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple."

She pleaded that she owned the title to the lot in fee simple. This was specially denied by the answer of appellants.

"Where a policy is expressly conditioned that it shall be null and void if the interest of the insured be other than unconditional and sole ownership, the required title is a condition precedent to the policy becoming effective. Likewise, a stipulation requiring a fee-simple title to be evidenced by deed is held a condition precedent to the risk attaching. In fact, where the validity of the policy is made to depend upon the insured being the absolute and unconditional owner of the true title to the property insured, fulfilment of the contract is a necessary prereq-

uisite to the validity, and hence to the operative effect of the policy." 4 Cyclopedia of Insurance Law (Couch) 3182.

This doctrine finds support in the following cases by the Texas courts: Home Insurance Co. v. Smith et al. (Tex. Civ. App.) 29 S. W. 264; Fire Association of Philadelphia v. Calhoun, 28 Tex. Civ. App. 409, 67 S. W. 153; Merchants' & Bankers' Fire Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859; National Fire Insurance Co. of Hartford v. Carter et al. (Tex. Com. App.) 257 S. W. 531; United States Fire Insurance Co. of New York v. Farris (Tex. Civ. App.) 297 S. W. 575.

The provisions of the policy pertaining to the character of ownership render them void "unless otherwise provided by agreement endorsed thereon or added thereto," and no such agreement is disclosed by the record. Under appellee's pleading and the facts which she introduced in evidence, she was not entitled to a judgment on the policy covering the building on the lot in which she had a leasehold estate, because she did not prove her cause of action as alleged. It is true that appellants did not plead the specific provisions of the policies relative to appellee's title to the insured property, but, having specially denied her ownership, it was incumbent upon her to establish a fee-simple title to the lot as she alleged.

It is not contended either by pleading or proof that appellants knew of the condition of the title to the lot or waived the provisions of the policies relative to ownership, or were estopped from asserting such provisions as a defense to appellee's suit.

The testimony discloses that appellee was the owner of the household goods and furniture insured, and if the contract of insurance covering the household goods and furniture was separate and distinct from the contract covering the building, the fact that she did not own the title to the lot in fee simple would not defeat her right to recover for the loss of the furniture and household goods. Sullivan v. Hartford Fire Ins. Co., 89 Tex. 665, 36 S. W. 73.

The appellee alleged that the policy on the building was for the sum of $2,000, and the policy on the household goods and furniture was for the sum of $1,500. The policies introduced are at variance with these allegations; and, as the judgment will be reversed, it is unnecessary for us to determine whether the insurance covering the building is separate and distinct from the insurance covering the personal property.

Some of the facts necessary to establish in order to authorize appellee to recover were supported by her testimony only. She was an interested witness, and the court was not authorized to withdraw the case from the jury and decide these issues on her uncorroborated testimony, because such testimony was controverted, not free from inconsistencies and circumstances tending to cast suspicion upon it, and her veracity was impeached by other witnesses. American Surety Co. v. Whitehead (Tex. Com. App.) 45 S.W.(2d) 958.

Appellants by proper assignments contend that the judgment against them was erroneous because the appellee alleged that she was a feme sole and testified, in effect, that she was a feme covert; that there is a fatal variance between the property described in the petition and the property covered by the policies; that there was no proof offered of the value of the personal property; that certain inadmissible testimony was heard, but as these matters can be readily corrected and probably will not occur on another trial, we deem it unnecessary to discuss them.

The judgment is reversed, and the cause remanded.