RICHARD LANE JONES *v.* STATE
OF MARYLAND

[No. 271, Initial Term, 1967.]

*Decided November 10, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH and THOMPSON, JJ., and DIGGES, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*John D. Hackett* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Franklin Gold-*

stein, Assistant Attorney General, Charles . E. Moylan, Jr., State's Attorney for Baltimore City, and James Garrity, Assistant State's Attorney for Baltimore City, on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was convicted in the Criminal Court of Baltimore, before Judge Joseph R. Byrnes, sitting without a jury, of robbery, burglary and storehouse breaking. He was sentenced to imprisonment for five years on the robbery conviction, and concurrent with that sentence, to imprisonment for three years on each of the burglary and storehouse breaking convictions. All the convictions were based on events occurring in the early morning hours of August 16, 1966.

The appellant first contends that the evidence was not sufficient to sustain the convictions.

## THE ROBBERY CONVICTION

Dr. Allen V. Forte, a member of the Chesapeake Club, Inc. testified that about 2:30 A.M. while outside the Club at 2216 Eutaw Place he was approached by two young ladies (Cynthia Ann Bailey and Palet Abbey Jones, co-defendants in the trial below, but not involved in this appeal) who asked if they could use the telephone and bathroom. He took them inside, showed them the requested facilities, then returned outside with them five or six minutes later. He left them at their car two or three car lengths from the Club and began walking toward his own car, just a few feet away. He was attacked by a man emerging from the entrance to a house two doors from the Club. He tried to get back to the Club, but was brought down by his assailant on the steps to the Club. The man had a shiny object which appeared to be a knife. The assailant took Dr. Forte's key case and leather secretary (similar to a wallet), neither of which contained any money. The key case contained the keys to the front door of the Club. At the trial, Dr. Forte positively identified the appellant as his attacker. This Court and the Court of Appeals have held that a victim's positive identification alone, of the defendant, if believed, is sufficient to support a convic-

tion. *Reed v. State,* 1 Md. App. 662; *Booth v. State,* 225 Md. 71. The credibility to be given Dr. Forte's identification of the appellant was a question for the trier of facts to determine. *Dunlap v. State,* 1 Md. App. 444; *Sadler v. State,* 1 Md. App. 383. We cannot say from this evidence that the trial court was clearly erroneous. Md. Rule, 1086; *Hutchinson v. State,* 1 Md. App. 362.

## THE BURGLARY CONVICTION

The appellant was convicted of burglary under a count charging that he "* * * feloniously committed burglary, in the nighttime, of the dwelling of Wannetta Selph, there situate, to wit; 2216 Eutaw Place, 3rd floor * * *." The Chesapeake Club, Inc. occupied the first and second floors of the building at 2216 Eutaw Place. The third floor was occupied by Mrs. Selph. Mrs. Selph testified that shortly after 5:00 A.M. while in bed in her room, she heard a noise on the second floor. She was not concerned as she thought members of the Club were still on the premises. Shortly after, however, she heard the "tinkle" of keys and realizing that her keys were in her pocketbook on top of the television set in the middle of her room, she looked in that direction. She saw a man with his hand in her pocketbook. At the trial, she identified the man she saw as the appellant. She called out, "Oh, but you don't, because I am going to kill you." The appellant ran and started down the steps. "He grabbed the door —this is a door at my stair step leading into my apartment. So he caught the knob of the door and he closed the door between me and him * * *." She grabbed a gun which she kept in her room and ran to the second floor, attempting to shoot the appellant, but the gun misfired. The appellant ran out the front door, breaking the glass in the door, and she called the police.

A breaking is an essential element to be proved in the crime of burglary, both at common law and under the Maryland statute. *Hochheimer, Law of Crimes and Criminal Procedure,* 1st Ed., § 547, p. 319; Md. Code, (1967 Repl. Vol.) Art. 27, § 30 a. In *Dorsey v. State,* 231 Md. 278, 280, the Court of Appeals defined actual breaking, quoting *Hochheimer, Criminal Law,* 2nd Ed. § 277, p. 310:

" 'Actual breaking means unloosing, removing or displacing any covering or fastening of the premises. It may consist of lifting a latch, drawing a bolt, raising an unfastened window, turning a key or knob, pushing open a door kept closed merely by its own weight.' "

There may also be a constructive breaking, as where entrance is obtained by intimidation or artifice. *Clark and Marshall, Law of Crimes,* 6th Ed. § 13.03, p. 882. The record in the instant case is devoid of evidence to show a breaking, either actual or constructive, of the dwelling of Mrs. Selph.[1] She said that the appellant closed the door to her apartment when he ran upon being observed by her, but there is no evidence as to how the appellant gained entrance to the apartment, and whether or not the door was closed before his entry. The word "breaking" in the definition of burglary is used in a technical rather than popular sense, and there is a breaking if the intruder, by force, removes an obstacle which if left untouched would prevent entrance. So, while the further pushing open of a door or window left partly open, is a breaking, entry through a door or window already open is not, for leaving a door or window open shows such negligence as to forfeit all claim to the peculiar protection extended to dwelling houses. *Clark and Marshall, Law of Crimes, supra,* § 13.03, pp. 877-879. Here, there was no evidence of a breaking and no facts on which a breaking could be

---

1. If a building is "used as a place to sleep in" it may be a dwelling house. Thus, the use of a building for business or other purposes does not prevent it from being a dwelling house, as in the case of a store building which has sleeping apartments regularly used by the proprietor or one in his employ. *Perkins on Criminal Law,* Ch. 3, § 1 C 1, p. 158. A building owned by a corporation and lived in by its servant, may be described as the dwelling house of the corporation (*Hawkins Case,* 2 East, Pleas of the Crown, 501). In the instant case, however, there was no evidence that Mrs. Selph was employed by the corporation or that an employee regularly slept in the building and we do not feel that the building could be said to be the dwelling house of the corporation. In any event, the appellant is not charged with breaking the dwelling house of the corporation but of Mrs. Selph and, therefore, evidence of breaking into the building proper would not suffice to prove burglary of the Selph apartment.

rationally inferred, and we think the judgment of the lower court was clearly erroneous. Md. Rules, 1086.

## THE CONVICTION OF STOREHOUSE BREAKING

The appellant was convicted of violation of Md. Code, *supra*, Art. 27, § 32, in that he broke the storehouse of Chesapeake Club, Inc., with intent to steal goods of the value of $100 and upwards. The evidence showed that the appellant had stolen the keys to the front door of the Club when he robbed Dr. Forte. He was seen inside the building by Mrs. Selph a few hours later, shortly after 5:00 A.M. There was evidence that the custodian of the Club was the last to leave the premises about 5:00 A.M. (except, of course, Mrs. Selph, who was on the third floor in her apartment), that everything was "intact" at that time and that the custodian locked the doors to the Club when he left. The custodian was called back to the Club by the police about 6:00 A.M. At that time he observed that the glass in the entrance door was broken,[2] and that there were bottles of whiskey, a radio, a handbag and a pair of ladies shoes in the first floor hall leading to the door. The handbag contained various cards in the name of Palet Lamb and Cynthia Ann Bailey, pawn shop receipts in the name of Jones, a picture of the appellant and the keys stolen from Dr. Forte. The evidence indicated that Palet Lamb and the appellant had been recently married and that Cynthia Ann Bailey was their friend. We think the evidence supports a rational inference that the appellant broke into the building by opening the door with the keys stolen from Dr. Forte or was a participating actor, and thus a principal in the breaking.[3] As stated before herein, an actual breaking may be by "turning a key or knob (or) pushing open a door kept merely closed by its own weight." See also *McGilveray v. State*, 111 Tex. Crim. 256, 12 S. W. 2d 585 (1928). We do not think

---

2. As noted, the evidence disclosed that the glass in the door was broken when the appellant fled the building upon being observed by Mrs. Selph.

3. The crime proscribed by Md. Code, *supra*, Art. 27, § 32 was made a felony effective June 1, 1966.

that, on the evidence, the judgment of the lower court was clearly erroneous.[4] Md. Rules, 1086.

The appellant alleges that the lower court erred "in adopting the State's Attorney's recapitulation of the evidence" and thereby denied the appellant "his Constitutional rights to a fair trial and due process of law." We find no merit in the contention. As a basis for the allegation the appellant asserts that the lower court said, "I have forgotten the youngster's testimony," and requested "a recapitulation of the case from counsel." The appellant designates himself as the "youngster" referred to. It is obvious from the transcript of the proceedings of the trial that the "youngster" referred to by the court was not the appellant but a police officer and that the remark of the court was made with regard to that officer's testimony on the voluntary nature of a statement of a co-defendant, which statement was not admitted in evidence. The remark had no relation to the later statement of the trial court, made at the conclusion of all the evidence, "I will have Mr. Garrity (the Assistant State's Attorney) give me a little resume as to the evidence against each defendant." In response, the State argued the case to the court, which was followed by argument of defense counsel. In his opening remarks on argument, defense counsel characterized the remarks of the State as "argument" and we think it clear that the court so considered them. In any event, there was no objection to the statements of the Assistant State's Attorney by the appellant below and the matter is not properly before us. Md. Rules, 1085.

The appellant lastly contends that the trial court erred "in permitting the State to reopen its case on direct after defense had made motion to acquit without a showing by the State of necessity, surprise or newly discovered evidence." At the conclusion of the State's case the appellant moved for a judgment of acquittal which was denied. Immediately thereafter, without any intervening proceedings, upon request, the State was permitted to produce a police sergeant who testified that when he

---

4. The appellant does not contend that there was not sufficient evidence to show intent to steal goods of the value of $100 and upwards. We find the evidence sufficient.

arrived at the building the glass in the front door was broken, the door was locked, the previously described articles were in the front hall, including the pocketbook, and the keys stolen from Dr. Forte, which had been introduced for identification, were in the pocketbook. Although there was objection to the reopening of the case, there was no objection to the testimony of the witness except when he stated that the keys were in the pocketbook. When the court asked the basis of the objection, defense counsel replied, "Because he didn't have a search warrant." [5] The court made no ruling on the objection and the keys were introduced in evidence without further objection. There was no motion to strike the testimony. The appellant in his brief on appeal characterizes a criminal trial as "a contest" and states, "Here, the State's Attorney simply goofed—and the accused should have benefited from the lapse." It is correct, of course, that a criminal trial is an adversary proceeding but we do not consider it a "contest" within the context presumed by the appellant, who implies that it is a game to be won or lost. The proper objective of a criminal trial is that justice prevail in a determination of whether the accused is guilty or innocent of the crime charged. The presumption that the accused is innocent until proved guilty beyond a reasonable doubt, the strict observance of the rights of the accused, compliance with the rules of evidence, and the necessity that the trial court and the jury, when the issue is before it, be fair and impartial, should not preclude public justice. It is within the sound discretion of the trial court to reopen the case to permit additional testimony. *Tingler and Wright v. State,* 1 Md. App. 389. We find no abuse of discretion by the trial court, in the instant case. In any event, we think that there was sufficient evidence to sustain the convictions of robbery and storehouse breaking at the time the State first closed its case, without the introduction of the keys in evidence. There was testimony that they had been stolen from

5. As the pocketbook and keys were found in the hall, the appellant having fled the scene and the co-defendants not being then present, we think it obvious that the articles were not seized by a search. Earlier in the trial defense had objected to the proffer of the pocketbook on the same ground and the objection was overruled.

364

Dr. Forte by the appellant and the remaining testimony of the additional witness was merely cumulative. We note further, that the appellant made a motion for judgment of acquittal at the close of the evidence offered by the State before the State re-opened its case. That motion was properly denied. The motion was not renewed at the time the State finally rested. As the appellant offered evidence after the motion was denied, he withdrew it. Md. Rules, 755 b.

> *Judgments affirmed as to Indictment No. 4159 (robbery) and Indictment No. 4160 (storehouse breaking); judgment reversed as to Indictment No. 4161 (burglary) and remanded for a new trial.*