## Almore Jones v. The State.

### No. 850.  Decided November 30, 1910.

**1.—Burglary—Charge of Court—Force.**

Where, upon trial of burglary, the court in defining entry instructed the jury in an abstract way that by that term was meant every kind of entry except that made by the free consent of the occupant, but in applying the law to the facts of the case instructed the jury that the entry had to be made with force in order to constitute burglary, there was no error.

**2.—Same—Daytime and Nighttime Burglary—Breaking—Force.**

In burglary in the daytime there must be an actual breaking, but the burglary at night does not require an actual breaking but an entry made by force; thus opening a door whether latched or not is such force as would constitute burglary in the night-time.

**3.—Same—Explanation—Property Recently Stolen.**

Where, upon trial of burglary, it developed that at the time defendant made his statement to the witness, with reference to the alleged stolen property, he was not suspected of the theft nor was his title or possession questioned, it was not necessary for the court to charge on explanation of possession of property recently stolen; besides defendant's own witness disproved his declarations.

**4.—Same—Charge of Court—Explanation.**

Where, upon trial of burglary, there was no evidence that the defendant was given the alleged stolen property by any person to sell for him, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Bowie.  Tried below before the Hon. P. A. Turner.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On the question of the court's charge on entry and force:  Bates v. State, 50 Texas Crim. Rep., 568; Newman v. State, 55 Texas Crim. Rep., 273, 116 S. W. Rep., 577.

On the question of explanation of possession of property recently stolen: ' Merriweather v. State, 55 Texas Crim. Rep., 135, 115 S. W. Rep., 44; Johnson v. State, 50 Texas Crim. Rep., 116, 96 S. W. Rep., 45.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for burglary with a penalty of two years confinement in the penitentiary. The bill of indictment charged the defendant with the burglarious entry at night with the intent to commit the crime of theft.  The house burglarized was charged as belonging to G. B. Thaggard. This witness testified that he lived in the town of Texarkana, and on the night of March 23, 1910, someone entered his harness house

and stole therefrom a set of harness; that the house was not locked, but it had a door that he kept closed and buttoned; that he remembers that he closed the door that night; that the next morning when he got up his set of harness was gone; that it was a set of new double harness with lines that he had recently purchased and was of the value of $20 or $25; that this occurred on Wednesday night, and on the following Friday he recovered the harness from a merchant in Texarkana by the name of Bobo. He says that the defendant had worked for him as a teamster, he (the witness) keeping a large number of teams and doing hauling generally; that defendant quit working for him seven or eight days before the burglary. He further testified that he saw tracks around the house, one of these tracks appearing to have been made by a No. 11 shoe and the other track smaller; that defendant was a large man and wore about a No. 11 shoe. A. B. Jordan testified that on Friday morning he saw a notice in the paper about the loss of some harness by Mr. Thaggard; that he was clerking for Mr. Bobo at his store. He says that on Friday, about one o'clock, defendant came to the store and wanted to know if they wanted a set of harness, or if he knew of anybody who did want to buy a set; that witness asked him where he had his harness, and defendant pointed up to a camp. The witness told him to go and get the harness; that while witness did not desire to buy the harness he knew a man he thought would and told him to get the harness and bring them up to the store and leave them there, as the man would be there about two or three o'clock; that defendant went and got the harness and brought them to the store and went on to a shingle mill where he was at work. Witness then notified Mr. Thaggard, who came and identified the harness and took them off; that defendant did not say where he got the harness, but said he had them at a camp. That when he brought the harness back he told the witness the harness belonged to his father, and his father had sold the team and had no further use for the harness. This is a sufficient statement of the facts to explain the points in issue.

On the trial of the case the court charged the jury, giving them the usual definition of burglary and theft. Also gave in charge to the jury, in his definition of burglary, the following: "By the term 'entry' into a house is meant every kind of entry but one made by free consent of the occupant or of one authorized to give such consent. It is not necessary that there should be any actual breaking to constitute burglary in the night-time." However, when the court applied the law to the facts of the case he stated to the jury that before they could convict the defendant they must believe beyond a reasonable doubt that the defendant on the 23d day of March, 1910, in Bowie County, Texas, by force in the night-time did enter the house of said Thaggard, as charged in the indictment, with the intent to commit the crime of theft as has been defined. He further

directed the jury that if the evidence raised in their minds a reasonable doubt whether the door of said house was open or not they would acquit the defendant, and that the State must show beyond a reasonable doubt that the house was closed and the door was shut, and if the State failed in its proof in this respect they would find defendant not guilty. Counsel in his motion for new trial complains that the court erred in telling the jury that by the term "entry" into a house is meant every kind of entry but one made by the free consent of the occupant, and that it is not necessary that there should be an actual breaking to constitute burglary in the night-time. This is an abstract statement of the law, but when the court came to apply the law to the facts of the case he directly and specifically instructed the jury that the entry had to be made with force in order to constitute burglary. Counsel in his motion for new trial and his brief seems to insist upon the idea that there must be an actual breaking in order to constitute burglary in the night-time. The statute does not so read. In burglary in the daytime there must be an actual breaking, but a burglary at night does not require an actual breaking, but it requires the entry to be made by force. Opening a door that is shut, whether latched or not, is such force as would constitute burglary in the night-time. It is not sufficient ground to require a reversal for the court, in his explanation and definition of an offense, as created by the statute to state an abstract proposition of law, and while the abstract proposition of law, as stated by the court, may not be applicable to the facts of the case, yet when the court applies the law to the facts of a particular case and sets forth the essential ingredients for the State to prove, this meets the requirements of the law and renders an immaterial abstract proposition of law harmless.

The appellant also contends that the court should have charged the jury on the explanation of the defendant at the time he sold the property. The father of defendant took the stand in behalf of defendant and testified that he did not own any harness and that he did not give any harness to his son to sell. The defendant at the time he made this statement to the witness was not suspected of the theft, nor was his title or possession questioned. Therefore, we think it was unnecessary for the court to charge on explanation of recently stolen property, as such a charge is only applicable where it is offered when the title or possession of the property is first questioned. But whether it was proper to give this charge or not defendant's own witness disproved the declaration that he made when he went to sell his harness. Therefore, the failure of the court to so charge could not be regarded as harmful and could not possibly have changed the result of the case. To have given the charge in the state of the record and the testimony before the court would, if anything, have been injurious to the defendant and would have made prominent his father's testimony denying that he had given

him any harness and given him authority to sell them. Therefore, in view of the record, we think there is no merit in this contention and it could not possibly have injured the defendant.

The charges requested, so far as applicable, covered the same issues that had been submitted by the court in his charge to the jury, except the third special charge wherein the request was made that the court charge the jury that if the defendant was given the harness by a horse trader, or some other person, to sell for said horse trader or other person, or if they have a reasonable doubt thereof to acquit. There was no testimony in the record that would raise such an issue, and, therefore, the court was not called upon to so charge.

Finding no error apparent in the record, the judgment is affirmed.

*Affirmed.*