LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Stephens county of murder, and his punishment fixed at twenty years in the penitentiary.
 

 Appellant and deceased were working together upon some pipe in the oil field. Appellant took offense at a remark made by deceased, or perhaps at an exhibition of greater strength on the part of the latter. Appellant was on a load of pipe and deceased was on the ground. Following some insulting language of appellant, deceased pulled off his gloves and told appellant that he would whip him if he would get down from the wagon. He declined to get down. Deceased put on his gloves and went on with his work, and appellant secured a piece of lumber used in holding the pipe on the wagon and struck deceased on the head with said stick, knocking him down.. Appellant then, jumped from the wagon and struck deceased again on .the side of the head crushing his skull and causing his death. Two doctors who examined deceased said the blow on the side of his head was fatal, and each of them testified that the piece of timber with which the injury was inflicted was an instrument with which
 
 *563
 
 a deadly blow could be inflicted when handled as this one was. Appellant testified that deceased used insulting language toward his wife and female relatives following their quarrel at the wagon, and that because of his anger and resentment toward deceased for the use of such language, he struck him with the piece of timber. He said that deceased was making motions toward his pocket at the time he struck him, and fear that deceased was going to attack him also operated on his mind.
 

 There are many bills of exception, 'all of which have been carefully examined and considered. In his brief appellant has presented certain of these, which will be discussed by us.
 

 In the formation of the jury appellant asked juror Clements if he had formed an opinion and the reply was that he had formed one from what he had read. Appellant’s counsel asked him whether it was for or against the defendant, and upon objection made by the State the trial judge held this an improper question. Appellant’s proposition is that he would be unable to know whether to accept the juror without interrogating him as to whether his opinion was for or against him. The court declined to permit this question. The juror was further interrogated and upon his stating that it would take evidence to remove the opinion, he was excused by the court. Appellant’s bill of exceptions No. 2 presents his objection to this action of the court. We perceive no error.
 

 There is further complaint of the fact that Mr. Webb, one of the jurors, stated that he had somewhat of an opinion but that he would not permit it to influence him; that he had no fixed opinion; that if taken on the jury he would lay the opinion aside; that he would give the defendant a fair and impartial trial. We do not believe appellant’s objections to this juror well founded.
 

 There is an exception because a witness named Mobley was permitted to testify that deceased was a one-legged man. The matter presents no error, and especially so in view of the fact that other witnesses had testified without objection that deceased had a cork leg, and that he had only one leg.
 

 Immediately after the difficulty appellant was arrested and taken to the office of the prosecuting attorney where he made a written statement concerning the matter. It is in evidence that he said he wanted to make the statement. The introduction of this statement was objected to on the ground that at the time it was taken deceased was still living. Appellant seems to labor under the impression that because he was not then charged with the murder of deceased, the statement was inadmissible. We regret we cannot agree with the soundness of the proposition. O’Connell v. State, 10 Texas Crim. App. 567; Neiderluck v. State, 21 Texas Crim. App. 320; Davis v. State, 19 Texas Crim. App. 201. The warning was properly given and the matter about which the statement was made was
 
 *564
 
 the assault made by appellant upon the injured party, and the fact that he did not die until after the statement was made would not affect its admissibility.
 

 Appellant’s counsel having drawn out of an eye-witness to the transaction, who had testified for the State, the fact that said witness was prejudiced against appellant, we think it permissible for the State to ask the witness upon redirect examination if he had prejudice against appellant growing out of any other transaction except that he witnessed the manner and character of this assault, and to permit the witness to explain that the only prejudice he had against appellant was that which arose from seeing him strike deceased from behind while the latter was at work.
 

 Appellant took the stand as a witness in his own behalf and repeatedly asserted that he was working trying to make a living for his family at the time of the assault. We deem it no error for the trial court to permit the State to prove as rebutting this that appellant and his wife were separated.
 

 The remainder of appellant’s bills of exception are directed at the refusal of special charges, twenty-eight of which were requested. We can not take time or space to discuss these various special charges. The charge given to the jury by the court fully and adequately presented the law of murder, of manslaughter, of aggravated assault and of self-defense. While it is true that the deadly assault was made with a piece of timber, the uncontradieted testimony showed that it was a deadly weapon, and there was no proof offered by appellant to the contrary. The complaints directed at the argument of the State’s attorney are believed to be without merit.
 

 Fnding no error in the record, the judgment of the trial court will be affirmed. i
 

 Affirmed.