## Tom Harris v. The State.

No. 14476. Delivered November 13, 1931.
Rehearing Granted December 16, 1931.

The opinion states the case.

*James A. Harrison,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The evidence shows that the store of one J. E. Sapp at Sabine Pass was burglarized on November 17, 1930. At the time of the burglary, it was shown that some three thousand cigarettes, one thousand cigars, some sugar, rice, bacon, and shot gun shells were taken out of the store.

Appellant's guilty participation in the burglary is shown by the testimony of his accomplice and co-indictee, who was corroborated by other evidence. The appellant did not testify in his own behalf.

The record is before this court without bills of exception, and the only matters appearing in the record are certain exceptions and objections to the court's charge. The charge was excepted to because the court did not tell the jury that if the entry in the building was made through an unlatched or unfastened door, the mere opening of the door was not burglary.

"Pushing, shoving, or pulling open a door that is closed is sufficient force to constitute a breaking." Branch's P. C., sec. 2337; Sparks v. State, 34 Texas Crim. Rep., 86, 29 S. W., 264; Matthews v. State (Texas Crim. App.), 38 S. W., 172; Parker v. State (Texas Crim. App.), 38 S. W., 790; Wagner v. State (Texas Crim. App.), 47 S. W., 372; Hedrick v. State, 40 Texas Crim. Rep., 536, 51 S. W., 252; Jones v. State, 60 Texas Crim. Rep., 426, 132 S. W., 476; Hollis v. State, 69 Texas Crim. Rep., 286, 153 S. W., 853.

Objection is made to that portion of the charge instructing the jury that the offense need not have been committed on the date alleged in the indictment, but is sufficient if committed on or about the named date. When we revert to the facts in this case, we find that there was no dispute as to the date of the burglary as alleged in the indictment and no other time could have been considered by the jury save and except that as fixed, and if there was any error, the jury could not have been misled thereby.

Exception was taken to the court's charge on accomplice testimony as being insufficient and defective and not correctly stating the law as to accomplice testimony, or the weight and effect thereof was not applicable to the facts of this case. An inspection of the charge shows that the charge as to accomplice testimony follows the usual form approved by this court, and no error is perceived or pointed out.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The offense was committed on the 17th day of November, 1930. Through his witnesses, the appellant presented the defense of alibi.

Jack Richardson testified that about 2:30 or 3:00 o'clock in the morning the burglary was committed by the witness and the appellant. Richardson's testimony, if believed, is such as to show that he and the appellant were together after the offense was committed, and that they remained together until daylight.

For the appellant, Mike Reid testified that the appellant appeared at the house of the witness at about seven o'clock in the evening and that they went together to a party. Reid left the house at about ten o'clock. Appellant returned about 11:30, took off his clothes and went to bed; that Richardson came to his house about 7:30 or 8:00 o'clock on the following morning.

Catherine Reid testified that the appellant came to the home of her brother, Mike Reid, about seven o'clock in the evening and went to a party in company with her brother and that the appellant returned about 11:30 or 12:00 o'clock and retired. The witness stated circumstances leading to the conclusion that the appellant remained in Mike Reid's house until about eight o'clock on the following morning.

The appellant's sole affirmative defense was alibi arising from the testimony of the witnesses mentioned. Exception was addressed to the court's charge because it failed to submit his affirmative defense. The matter was not discussed in the original opinion, but upon a review of the matter in his motion, we are of the opinion that in failing to give an instruction on alibi was error. In instances where the defense of alibi is presented by tangible evidence the decisions of this court have been uinform to the effect that in response to an exception calling attention to its omission, it is imperative that the court give the instruction. See Branch's Ann. Tex. P. C., sec. 51, p. 26. The exception to the charge in the present case might have been more specific, but viewing the facts as developed, we are constrained to regard the question as raised, and the failure to give the instruction was error which necessitates a reversal of the judgment.

The order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*