JOE MATELSKI v. THE STATE,

No. 16682.   Delivered May 2, 1934.

The opinion states the case.

*Tom B. Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

For some reason not set out Dupuy, City Tax Collector of Marlin, Texas, had been having some person watching in his office during the noon hour, while Dupuy was out. On the day of the alleged burglary Mr. Hunnicutt, for brevity called H, was watching in said office. Dupuy swore that when he left at noon he locked the door of said office. H testified that he was inside at the time, and presently heard someone come into the building, then into the city secretary's office which joined that of the collector, then he heard a key inserted in the lock of the door between the two offices, heard the door unlocked, and heard a person come into the collector's office and walk across the floor. H disclosed himself, having his pistol in one hand and caught the intruder with the other. It was appellant. The following appears in the testimony of H:

"He said 'Tud, please do not carry me in; don't take me over' and kept on begging me, and I said 'Joe, it is too late now,' and he said 'I will give you a hundred dollars to let me go, and I will be back in thirty minutes, as soon as I find Hy Reed, I will let you know; please don't take me in.'"

The nickname of H was Tud. About this time a negro came to the office and was sent after an officer, who took appellant to jail. After he had been taken away, H and a deputy sherriff searching found on the floor of the city secretary's office some keys lying just behind a counter. One of these keys was to appellant's locker in the fire hall,—where appellant was extra man; another key was to the front door of the city hall, and another to the vault door in the collector's office. The fire hall and the city hall were shown to be adjacent buildings. The above is the substance of the State's case. Appellant testified admitting that he came into the building at the time in question, but claiming that he came in to get a blank check, and that he was in the habit of coming in, and that he had no intent to steal. He further claimed that there was ill-feeling existing between him and H. These matters were appropriately submitted to the jury.

There are six bills of exception. The first complains of the admission of what was said at the time H took hold of appellant, and just after he entered the city collector's office. We

think it too plain for argument that this is res gestae. Bell v. State, 92 Texas Crim. Rep., 342; Hickey v. State, 99 Texas Crim. Rep., 529.

The second bill of exceptions complains of the admission of testimony of the finding of the keys referred to. H testified that before appellant entered the house, there were no keys on the floor. The objection was that the finding of the keys was a transaction out of the presence and hearing of appellant. We think the finding of same, under the facts of this case, strongly supported the State's theory. As above stated, one of the keys was found to be capable of opening the vault of the tax collector's office. Bowen v. State, 60 Texas Crim. Rep., 595; Williams v. State, 88 Texas Crim. Rep., 87; Sims v. State, 95 Texas Crim. Rep., 164; Tullos v. State, 99 Texas Crim. Rep., 551.

The next bill of exceptions complains of the action of the court in permitting appellant, while a witness, to be asked if he had not been indicted three times for burglary. The bill fails to show that said question was answered, and therefore shows no error. Tyrone v. State, 77 Texas Crim. Rep., 493; Ferguson v. State, 79 Texas Crim. Rep., 641; Lowe v. State, 88 Texas Crim. Rep., 316; Apolinar v. State, 92 Texas Crim. Rep., 583.

Bill of exceptions 4 brings forward objection to the action of State's attorney in eliciting from appellant while a witness that he had been indicted for burglary in 1925. The objection to this was that it was too remote; that the indictment was dismissed for lack of evidence. The bill does not show that the indictment was dismissed for lack of evidence, though it is not intended to say that this was material. Nothing in the bill rebuts the idea that the State had otherwise shown a continued course of criminal conduct on the part of appellant from 1925 down to the date of trial, but the contrary appears from the record. Oates v. State, 67 Texas Crim. Rep., 488; Bibb v. State, 86 Texas Crim. Rep., 112; Reeves v. State, 95 Texas Crim. Rep., 28; Shipp v. State, 104 Texas Crim. Rep., 185.

Bill 5 complains of the refusal of a peremptory instruction to acquit. We see no error in the court's refusal. Bill 6 brings forward objection to the charge of the court. Said charge seems to have followed approved forms in the matters made the subject of exception. It is correct to state to the jury that the opening of a door with a key, or pushing open a door that was closed, was sufficient force to constitute the offense.

Not being able to agree with appellant's contentions, the judgment will be affirmed.

*Affirmed.*