## Robert Bradley Thomas v. State

No. 34,197.   February 7, 1962

*O'Connor & Brister*, Lubbock, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary of a private residence at night with intent to commit theft; the punishment, 99 years.

Mrs. Mittie Hughes, the state's prosecuting witness, lived in her residence on 4th Street in the town of Lorenzo, Crosby County. She testified that on the night of August 26, 1960, she went to bed around 11:30 P.M.; that later in the night she was awakened and heard a scraping noise "kinda like on paper"; that a person then pushed the door to her room open, jumped in bed on top of her, put his hand on her mouth and choked her; that she tried to free herself and pulled his hair; that when a roomer in the house came to her rescue, the person got behind the door and after hitting the roomer, fled from the house. Mrs. Hughes testified that on the night in question the front screen door of the house was closed, the back screen door was locked, and that the entry into her house was made without her authority or consent.

In the investigation which ensued, a quantity of hair was found by the officers in Mrs. Hughes' bed, and some greasy spots were also found in the bed and on the wall of the living room.

It was shown that on the night in question appellant was seen, around midnight, seated in a Ford pickup truck parked near the residence of the prosecuting witness.

The following day, appellant was arrested and later, after being duly warned, made and signed two written statements in which he admitted having entered the house on the night in question for the purpose of obtaining money. Both statements were introduced in evidence by the state.

In his two statements, appellant related in part as follows:

"On Friday night, 8-26-60, at about 9:00 or 9:30 P.M., I left Lorenzo, Texas, in a 1960 Ford pickup that belongs to George Carter of Lorenzo who is my boss. Glennis Pinkert and another boy they call 'Sandy' who is the step-son of Bill Edwards (I do not know his last name) were with me. We came to Lubbock and went to 508 Elgin and visited with some girls. Around midnight, we left and went back to Lorenzo and let them out at the C & B Pump Co. where I work. I drove the pickup around the block, starting home and turned around and came back down to her house and parked diagonally across the street from her house headed East, got out and walked across the street to the front of Mrs. Mittie Hughes house. I had roomed with her for one week in 1957 and knew her personally.

"I went to the front door, the door was open and the screen shut but not locked. I knocked lightly to see how sound they were sleeping in the house and no one answered, so I went on in. I entered the house thru the living room. No lights were on in the house and it was dark and I couldn't see very well. I felt along the wall trying to find her door and when I did find it, the door was shut, before I went into her room, she waked up and started screaming. I opened the door and went into her room and told her to 'be quite' and put my hands over her mouth to try to keep her from screaming and I heard a roomer coming and I stepped to one side of the door and I think I mostly pushed instead of hitting him, but he went down. Then I went on out the back door and went around the house on the East side to where the pickup was parked and got in my pickup and left and went home and put the pickup behind my house.

"I went to the house to look for money, that is the reason I parked diagonally across the street.

"No one gave me permission to enter Mrs. Hughes house in Lorenzo, Crosby County, Texas. I just needed money to go back to Lubbock to mess around.

"In 1946, I served time for auto theft in Jasper, Georgia. I also served time in a chain gang camp at LaFayette, Ga. in 1949 for robbery. Later I served again on a chain gang in Dalton, Ga. for auto theft. * * * This last prison sentence was in 1955."

It was further shown that a sample of hair taken from appellant, with his consent, and a sample of the hair found in the bed were delivered to chemist and toxicologist Wayne Anderson of the Department of Public Safety for examination. Chemist Anderson testified that he made a chemical and microscopic examination of the samples which disclosed that the two samples of hair were similar in size, texture, color and pattern.

Appellant did not testify or offer any evidence in his behalf.

The court submitted to the jury the issue of appellant's guilt of the primary offense and also the issue as to whether he had been previously convicted of two felony offenses less than capital which were alleged in the indictment for the purpose of enhancing the punishment.

The jury by their verdict found appellant guilty only of the primary offense of burglary of a private residence at night and assessed his punishment at confinement in the penitentiary for a term of 99 years.

Appellant presents numerous complaints to that portion of the court's charge which submitted to the jury the issue as to whether he had been previously convicted of the two prior felony offenses which were alleged for enhancement. Appellant's complaints to this portion of the charge need not be considered since the jury did not enhance his punishment under the allegations of the indictment charging the prior convictions. Rodgers v. State, 137 Texas Cr. Rep. 442, 131 S.W. 2d 766, and Cameron v. State, 153 Texas Cr. Rep. 29, 217 S.W. 2d 23.

Appellant insists that the evidence is insufficient to sustain the conviction because the state failed to prove a "breaking" into the house under the allegations of the indictment which charged an entering by "force, threats and fraud, and at night". Appellant also contends that the evidence is insufficient because

it failed to show how entry into the house was made or the time or place of entry.

When nighttime burglary is alleged, evidence of an actual breaking is not essential to a conviction, and proof of an entry by means of force, threats or fraud is sufficient. Art. 1302, V.A.P.C.; 10 Texas Jur. 2d, par. 29, p. 185-186; Carr v. State, 19 Cr. Rep. 635, and Jones v. State, 60 Texas Cr. Rep. 426, 132 S.W. 476.

The evidence in the present case is sufficient to show that appellant entered the house at night through the front door. While the proof shows that the door itself was not closed, the evidence shows that the front screen door was closed. The prosecuting witness testified that at such time the screen door was closed. Appellant, in his confession, admitted that the screen was shut and that he entered the house to look for money.

Such entry, through the screen door which was closed, was entry into the house by force and sufficient to constitute burglary. Jones v. State, supra; Harris v. State, 119 Texas Cr. Rep. 71, 44 S.W. 2d 708, and Matelski v. State, 126 Texas Cr. Rep. 217, 71 S.W. 2d 272.

The evidence is sufficient to sustain the conviction.

The judgment is affirmed.

Opinion approved by the Court.