William E. WARDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 35517.

Court of Criminal Appeals of Texas.

March 20, 1963.

Rehearing Denied May 1, 1963.

Will Hadden, Odessa, for appellant.

Jack Tidwell, Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary of a house at night, with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, twelve years.

The state's evidence shows that on the date alleged the appellant entered a house in the city of Odessa, owned by Irma King, without her consent, and did fraudulently take certain corporeal property therefrom.

It was shown that on said date two entries were made by appellant into the house. The first entry was around 11:30 o'clock, a. m., when he and two young boys entered the house through a window after removing a screen and opening the window. When inside the house the three piled some clothes on the floor, then pulled down the window, unlocked the back door, unlatched the screen, and left. Later that night appellant and one of the boys returned, around 9:30 o'clock, and entered the house by opening the back screen and door which they had unlocked. On this occasion they removed from the house certain items of personal clothing in two of the victim's suitcases.

In proving the prior alleged conviction, the state introduced in evidence as state's exhibits 1, 2, and 3, certified copies of the indictment, judgment, and sentence in cause #5885, styled The State of Texas vs. William Warden, on the docket of the District Court of Coryell County, which showed that on January 21, 1957, the defendant therein was convicted in said court of the offense of burglary and assessed punishment of confinement in the penitentiary for five years. The state also introduced in evidence as state's exhibits 4, 5, and 6, and 7, certain authenticated copies of the original records of the Texas Prison System, which were duly certified to by J. C. Roberts, record clerk of the Texas Department of Corrections. Such authenticated records included copies of the judgment and sentence in said cause #5885 on the docket of the District Court of Coryell County, and copies of certain photographs and fingerprints from the original records of William Edward Warden, Convict No. 140217, a person committed to the Texas Department of Corrections.

Officer Byron Hawthorne, superintendent of the Bureau of Identification and Records of the Odessa Police Department, whose qualification as a fingerprint expert was shown, testified that he took appellant's

fingerprints—which prints were introduced in evidence by the state as exhibit #9—and that he had compared the prints with the fingerprints in the prison records. He further stated that in his opinion the two sets of fingerprints were identical and came from the same person.

Appellant did not testify or call any witnesses in his behalf.

Appellant's first contention on appeal is that the evidence is insufficient to sustain his conviction for nighttime burglary. He insists that the proof fails to show a breaking and entry into the house at night but, at the most, shows a breaking and entry in the daytime with intent to commit theft, which theft continued into the night.

■ While the proof does show a breaking and entry in the daytime, it also shows an entry into the house at night. When appellant, after entering the house during the day, returned that night and entered by opening the back door, which was closed, he committed the offense of burglary at night. An actual breaking is not essential to a conviction for nighttime burglary. Proof of entry by means of force, threats, or fraud is sufficient. Thomas v. State, Tex.Cr.App., 353 S.W.2d 463. The entry into a house through a door that is closed is an entry by force and sufficient to constitute burglary. Jones v. State, 60 Tex.Cr.R. 426, 132 S.W. 476; Matelski v. State, 126 Tex.Cr.R. 217, 71 S.W.2d 272; Haigh v. State, 151 Tex.Cr.R. 189, 205 S.W.2d 992; Thomas v. State, supra.

■ The evidence of appellant's entry into the house during the daytime was admissible to show his motive and intent, which was made an issue in the case, in returning to the house that night and was also admissible as a part of the res gestae of the transaction and burglary committed upon his second entry into the house. 10 Tex.Jur.2d 270, Sec. 102; Doyle v. State, 59 Tex.Cr.R. 39, 126 S.W. 1131; and McPherson v. State, 79 Tex.Cr.R. 93, 182 S.W. 1114.

■ We overrule appellant's contention that the evidence is insufficient to authorize enhancement of his punishment because the indictment charged a prior conviction in the District Court of Coryell County for "burglary at night" and the evidence adduced showed a conviction in the court for "burglary." Appellant insists that this constituted a fatal variance between the pleading and the proof. With such contention we cannot agree. Whether the prior conviction was for "burglary" or "nighttime burglary," either is of like character to the present offense of burglary charged in the indictment. It is not necessary to allege the prior conviction with the same particularity as must be used in charging the original offense. Palmer v. State, 128 Tex.Cr.R. 293, 81 S.W.2d 76. In Farris v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856, it was pointed out that the allegation of a prior conviction is only the recitation of an historical fact for the purpose of enhancement of the penalty and not for a trial thereof. In Covarrubias v. State, 169 Tex.Cr.R. 288, 334 S.W.2d 187, this court upheld a conviction for burglary with punishment enhanced under an indictment alleging a prior conviction for "burglary with intent to commit theft," upon proof showing a prior conviction for "burglary."

■■ Appellant's remaining contention is that the court erred in admitting in evidence the duly authenticated copies of the records of the Texas Department of Corrections when offered by the state in making proof of appellant's prior alleged conviction, over his objection that the same were hearsay, that the exhibits had not been delivered to him prior to the time of trial, that the same were copies of copies and not of the originals, and that it was not shown that such records were made and kept by J. C. Roberts in the performance of his office and employment as record clerk of the Texas Department of Corrections.

We shall not discuss appellant's objections to the admission of the records in evidence, as this manner of proof of a prior conviction of an accused has been many times approved by this court. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182; Rhodes v. State, 164 Tex.Cr.R. 407, 299 S.W.2d 153; Spencer v. State, 164 Tex. Cr.R. 464, 300 S.W.2d 950; Roberts v. State, 164 Tex.Cr.R. 537, 301 S.W.2d 154; Stockwell v. State, 166 Tex.Cr.R. 577, 316 S.W.2d 742; Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80, cert. den., 361 U.S. 849, 80 S.Ct. 107, 4 L.Ed.2d 88; Mullican v. State, 167 Tex.Cr.R. 563, 322 S.W.2d 284; Gutierrez v. State, 168 Tex.Cr.R. 378, 327 S.W.2d 758; McCown v. State, Tex.Cr. App., 338 S.W.2d 732, cert. den., 368 U.S. 856, 82 S.Ct. 96, 7 L.Ed.2d 54; Self v. State, Tex.Cr.App., 346 S.W.2d 850.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.