Robert GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 35892.

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

**250**

Hector R. Azios, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The state's evidence shows that the Big Bonus Stamp Company maintained a warehouse in the 1500 block of Gentry Street in the city of Houston. On Friday before Labor Day in 1962, Willie Landolt, a company foreman closed the warehouse around 4:30 o'clock, p. m. At such time, Landolt checked the alarm system and ascertained that the warehouse was closed.

On September 3, 1962, being Labor Day, the witness Hill, and his partner, Teague, of the McCane-Sandock Detective Agency, went to the warehouse around 1 o'clock, a. m., after receiving a radio call. When they arrived, Hill went to the west side of the building and observed a large overhead door open. Appellant and another man were standing outside the building, on the ground and near the door, by a loading dock. About three feet from the dock there were some boxes of merchandise which had been removed from the building and stacked on the ground. Appellant had his hand on the last stacked carton, and the other man was hidden behind the boxes. Hill then proceeded to fire three shots with his pistol. However, none of the shots struck appellant or his companion. In a matter of minutes, police officers arrived upon the scene and took appellant and his companion into custody. Appellant then proceeded to tell and show the witness Hill how he and his companion had gained entry into the building by raising the overhead door. He further stated from what place in the building they removed the boxes of merchandise.

It was shown that the boxes contained a large number of radios and vacuum cleaners of the value of $800 and that appellant's entry into the building was without the permission and consent of the company foreman, Landolt.

Certain authenticated records of the Texas Prison System, consisting of photographs, fingerprints, judgments and sentences, were introduced in evidence by the state in proof of two of the three prior alleged convictions. State's exhibit #1 included a judgment and sentence in Cause No. 1626, styled The State of Texas vs. Johnny Lee Garcia, Joe Edward Moya, and Robert Trevino Gonzales, wherein the defendant Gonzales was convicted, on March 21, 1958, of burglary and assessed punishment of two years' confinement in the penitentiary. State's exhibit #2 included certified copies of the judgment and sentence in Cause No. 99,122, styled The State of Texas vs. Pedro Jose Gonzales, on the docket of Criminal District Court No. 5 of Harris County, wherein the defendant named therein was convicted on January 26, 1962, of the felony offense of unlawful possession of a pistol and assessed punishment at confinement in the penitentiary for one year.

Witnesses were called by the state who identified appellant as the person so convicted in the two cases. Appellant's identity was also established by comparison of fingerprints in the manner which has been approved by this court.

Appellant did not testify or offer any evidence in his behalf.

Appellant predicates his appeal upon three contentions. He first contends that the court erred in permitting the witness Hill to relate what appellant told him as to how he entered the building and removed the merchandise therefrom, over the objection that at such time he was under arrest.

The record shows that appellant's statement to Hill was made at the scene of the burglary immediately after his arrest.

When apprehended, appellant and his companion were just outside the building, near the property stolen therefrom. At such time, appellant had his hand on one of the stolen boxes and his companion was hiding behind other boxes.

The indictment charged burglary with intent to commit theft. The statement made by appellant at the scene was admissible as a part of the res gestae. See: Hickman v. State, 65 Tex. 583, 145 S.W. 914; Matelski v. State, 126 Tex.Cr.R. 217, 71 S.W.2d 272; and Stout v. State, 142 Tex. Cr.R. 537, 155 S.W.2d 374.

By his second and third contentions, appellant questions the sufficiency of the proof offered by the state to establish the prior alleged conviction in Cause No. 99,122, styled The State of Texas v. Pedro Jose Gonzales.

It is first contended that no final conviction was shown because the judgment introduced was against Pedro Jose Gonzales, as defendant, and the sentence in the cause was against Edro Jose Gonzales, as the defendant. An examination of the certified copies of the judgment and sentence does not support appellant's contention, but discloses that the defendant named in each instrument was Pedro Jose Gonzales.

It is next contended that because the state did not introduce the indictment in Cause No. 99,122 in evidence, the proof fails to show that appellant's conviction for unlawfully possessing a pistol was for a felony, as recited in the judgment. We find no merit in this contention, as it was shown on appellant's cross-examination of assistant district attorney James T. Garrett that the indictment in Cause No. 99,122, to which appellant entered a plea of guilty, charged that prior to his commission of the offense of unlawfully carrying a pistol he had been convicted of burglary. Under the provisions of Art. 489c, V.A.P.C., it is a felony for persons who have been convicted of certain offenses, including burglary, to possess various firearms.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.