**Gye JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38893.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the sale of beer in a dry area; the punishment, a fine of $400.00.

The record has now been perfected, and our prior opinion dismissing the appeal is withdrawn. Two young men, ages eighteen and nineteen, testified that they went to appellant's cafe in the city of Matador and bought four bottles of beer from one Jessie T. Sims. Neither witness testified that appellant was present at the cafe or participated in making the sale to them. Neither witness remembered the date of the purchase.

The Sheriff and his deputy testified that they saw the two witnesses as they left the cafe and immediately thereafter apprehended them and seized the beer. Neither officer testified as to when they arrested the appellant. They both fixed the time of the seizure at between 10:00 and 11:00 on the night of January 23. The information charged the offense to have occurred on or about January 24.

As soon as the time and date of the information, upon which the State was going to rely was made known, the appellant's counsel moved the court to permit him to withdraw his announcement of ready and continue the case so that he might secure alibi witnesses who would testify that ap-

pellant was in the city of Spur, some 39 miles away, at the time fixed by the officers' testimony. This motion was overruled.

Appellant, testifying in his own behalf, stated that he left his cafe in Matador at 7:30 p. m. on January 23, and went to Spur with a load of barbeque for his other cafe located there and that he got back to Matador at 12:30 a. m. He further testified that he did not have any beer in his cafe for Jessie Sims to sell, nor did he instruct him to sell beer in his absence, and that Sims was not an employee of his, but merely agreed to tend his cafe while he was away in Spur.

Sims testified that appellant was present when the sale was made and that the young men had paid appellant after he had handed them the beer.

At the hearing on the motion for new trial appellant presented three witnesses who swore that appellant was in their company in the city of Spur at the time fixed by the officers.

Appellant objected to the charge of the court because it failed to instruct the jury on his defense of alibi. Johnson v. State, 136 Tex.Cr.R. 305, 124 S.W.2d 1001; Harris v. State, 119 Tex.Cr.R. 71, 44 S.W.2d 708, and the cases cited in 1 Branch's Ann. P.C.2d, Sec. 78, p. 73, are authority requiring a reversal of this conviction. Where the issue of alibi is raised, it is error for the court to refuse to charge. It should be noted that the two State's witnesses who testified as to the purchase said they did not see appellant in or about his place at the time and testified that their transaction was entirely with Sims. Article 662 Vernon's Ann.C.C.P., upon which the court seemed to rely was repealed by the 53rd Legislature.

For the error of the court in failing to respond to the timely objection of appellant's counsel, the judgment is reversed and the cause is remanded.