**Charles L. LEADERBRAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43075.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for burglary of a private residence at nighttime; the punishment, ten years imprisonment, probated.

The sufficiency of the evidence is challenged.

On August 27, 1968, the complainant, Robert G. Busse, and his wife were residing in a Dallas motel room. Complainant and his wife went to bed at approximately 10:30 p. m. They left their door to the common hallway ajar approximately a half an inch so that their son Richard, who was to return sometime after midnight, could enter. Complainant and his wife went to sleep and were awakened by their son at approximately 1:30 a. m. Then complainant discovered that his billfold, containing several hundred dollars, had been taken from his trousers which he had left on a shelf just inside the door. As the son walked down a hallway toward the room, he saw the appellant, who was wearing a tight-fitting pair of swimming trunks with a towel draped around his neck, backing out of the door into the hallway. He followed the appellant for some distance back down the hallway. The son saw nothing that appeared to be a billfold. Shortly after appellant was seen walking down the hall, he drove away in an automobile and he was apprehended by the police a short time later. The officers searched his person, his room and the automobile, but neither the money nor billfold was recovered.

Appellant testified that he had permission to use the credit card of Melvin Tennison and registered at the motel under that name and that Tennison was in Mexico City at the time of the trial. He testified that he had several drinks that night at the motel club and had talked to some people at the pool about a swimming party. He further testified that he went into a room to get the people to go swimming and had a few drinks with them, but they were not ready. He then left the room and met Richard Busse and asked him to go swimming. A few minutes later Richard Busse came to the door and knocked and told appellant that he was looking for someone else. Appellant testified that he decided to get something to eat and drove downtown at approximately 2:15 a. m. to look for a res-taurant and was arrested. He testified that he did not steal the money.

The jury chose not to believe appellant's version of the facts.

Appellant contends that the evidence is insufficient to support the conviction.

■ The proof shows that appellant was seen in the motel room of the complainant. A room in a hotel rented and actually occupied is considered the private residence of the occupant. Thurston v. State, 132 Tex.Cr.R. 287, 103 S.W.2d 770.

■ When a person is found in the home of another at night without the consent of the owner, it is presumed that he was there with the intent to steal. Green v. State, Tex.Cr.App., 435 S.W.2d 513; Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524.

■ It is not necessary that property be taken where the prosecution is for burglary with intent to commit theft. Ash v. State, Tex.Cr.App., 420 S.W.2d 703.

Viewed in the light most favorable to the State the evidence is sufficient to support the conviction.

■ In his second ground of error, appellant urges that the court failed to give a proper instruction as to "breaking." When nighttime burglary is alleged, evidence of an actual breaking is not essential to a conviction. Article 1392, Vernon's Ann.P.C., provides: " * * * [i]t is not necessary that there should be any actual breaking to constitute burglary, except when the entry is made in the daytime." Thomas v. State, 172 Tex.Cr.R. 49, 353 S.W.2d 463; Warden v. State, Tex.Cr.App., 366 S.W.2d 786, cert. denied 375 U.S. 886, 84 S.Ct. 162, 11 LEd.2d 116. No charge on breaking was required.

■ In his final ground of error, appellant contends the trial court erred in overruling his requested charge on circumstantial evidence. A charge on circumstantial evidence is not required where the defend-

ant was seen leaving the burglarized building. Hall v. State, 161 Tex.Cr.R. 460, 278 S.W.2d 297; Holland v. State, 45 Tex.Cr. R. 172, 74 S.W. 763.

There being no error, the judgment is affirmed.