**Buck WOODY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43310.**

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Rehearing Denied Jan. 20, 1971.

Folley, Snodgrass & Calhoun, by George A. Whittenburg, II, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This appeal presents the sole question of the sufficiency of the evidence to sustain the allegation of "breaking" in the burglary indictment.

A storage house in the city of Amarillo owned by Carl Coffee was broken into in the early evening hours of July 31, 1968, by a person or persons unknown. Entry was obtained through a door which was "damaged slightly." Amarillo city policeman Harold Mann and a fellow officer made an investigation that evening and before leaving "shut the door as best we could," meaning "that we pulled it to." Explaining there was no latch on the door the officer further stated he "pulled it completely to."

Carl Coffee testified that he was present during the investigation by the officers around 10 p.m. although he did not enter the storage house where he kept items and supplies he used in managing rental property. He related that the door in question normally closed automatically. He recalled that when the officers were there the door was open but stated his presumption that the door was open at such time "wouldn't mean it would be fully opened, but not fully closed."

After the officers departed Coffee went to his home and secured a shotgun and returned to set up a surveillance near the storage house. Sometime later he observed two men come from the north, jump up on the porch and "push" the door of the storage house "back" or "open" and enter. After requesting nearby neighbors to call the police, he returned to his surveillance.

When the two men emerged from the house Coffee hollered "halt" several times and then shot wounding the appellant in the back.

Appellant testified he was walking alone to the "flats" on his way to a dance when he was without warning shot in the back. While admitting he was on probation following a burglary conviction he denied breaking and entering the building in question.

The court defined "breaking" in its charge in the terms of Article 1394, V.A.P.C.

The jury convicted and the court assessed appellant's punishment at six years.

It is appellant's contention that entry through a partly opened door would not constitute a "breaking" as alleged. He relies upon the foregoing evidence and Coffee's statement as to the condition of the door during his surveillance that "I would believe while I was across the street, as I said before, not completely tightly closed, but it was not open enough that you could get through it without opening it."

We do not understand appellant to claim entry was through a completely open door.

"When nighttime burglary is alleged, evidence of an actual breaking is not essential to a conviction." Leaderbrand v. State, Tex.Cr.App., 457 S.W.2d 557; Jones v. State, 60 Tex.Cr.R. 426, 132 S.W. 476; Alexander v. State, 31 Tex.Cr.R. 359, 20 S.W. 756.

Article 1392, V.A.P.C., provides in part: " * * * [I]t is not necessary that there should be any actual breaking to constitute burglary except when the entry is made in the daytime." See Thomas v. State, 172 Tex.Cr.R. 49, 353 S.W.2d 463; Warden v. State, Tex.Cr.App., 366 S.W. 2d 786, cert. den. 375 U.S. 886, 84 S.Ct. 162, 11 L.Ed.2d 116.

The indictment in the case at bar charges that the appellant "did then and there un-

lawfully and by force break and enter a house * * *." The time of the entry is not alleged.

"An indictment alleging that the accused 'by force did then and there break and enter' the house * * * charges both a daytime and a nighttime burglary, and there is no necessity of alleging the time of entry; an indictment thus worded is sufficient to sustain a conviction for either daytime or nighttime burglary *where the proof shows entry was by breaking*." (emphasis supplied) 10 Tex. Jur.2d, Burglary, Sec. 53, p. 210. See also 10 Tex.Jur.2d, Burglary, Sec. 57, p. 214; Lambert v. State, Tex.Cr.App., 432 S.W.2d 901.

Article 1394, V.A.P.C., provides in part that: "By 'breaking' as used in this chapter, is meant that entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking. * * *"

"Breaking is shown by proof of the lifting of the latch of a closed door, of the undoing of the hasp of a door, of the unlocking of a door with a key, of the raising of a window, or by proof of the opening of a closed door or window. If an entry is made by opening a closed door, it is immaterial whether the door was unlocked or locked." 10 Tex.Jur.2d, Burglary, Sec. 18, p. 178; See Article 1394, V.A.P.C.; Mixon v. State, Tex.Cr.App., 401 S.W.2d 806.

Futher, in Martin v. State, 1 Tex.App. 525 (1877), the Texas Court of Appeals said: "In this state, when any force is applied, even if it be the pushing wider a partly-open door * * * the party so entering said house is guilty of burglary."

Citing Martin v. State, supra, 10 Tex. Jur.2d, Burglary, Sec. 27, p. 183, 184, states: "And pushing open a partly opened door or pushing up a partly raised window to enable the person to enter the building constitutes a breaking."

Under the circumstances presented and the charge of the court, we conclude that the evidence is sufficient to support the allegations of the indictment and the verdict of the jury.

It is also observed that appellant's defense was not that he entered through a partly open door, but that he did not enter the building at all.

The judgment is affirmed.