Chauncey **HOUSTON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45935.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

James W. Bowman, Lubbock, for appellant.

J. Blair Cherry, Jr., and Troy C. Hurley, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is burglary with intent to commit theft; the punishment, five years' confinement.

Appellant cites three grounds of error. The basic facts are not in dispute. At approximately 2:00 a. m., on March 24, 1971, a Lubbock police officer noticed the profile of a colored male inside the Ranchburger, a restaurant. The officer testified he saw a broken glass in the window on one side of the building and that he saw a colored male who by this time was lying on the floor immediately under the broken window. The officer ordered the man, whom he identified as appellant, to stand up. Appellant was handcuffed until additional police could arrive. When arrested, appellant's hand was cut and there was blood on the window sill. Subsequently, both the officers and the owner of the restaurant checked inside the restaurant but did not find anything missing.

Appellant testified in his own behalf. He stated that he had been to a dance that night and had consumed at least a fifth of wine and had taken some pills given to him by a friend. Appellant testified he remembered leaving the dance and his next recollection was being handcuffed by the police.

In appellant's first ground of error, he contends that the court erred in "failing to instruct the jury on the specific affirmative charge on the defensive theory of the lack of intent of the appellant to commit the crime of theft." Appellant refers us to his requested charge which reads: "You are further instructed that if you believe from the evidence that at the time and place set out in the indictment the defendant broke and entered the premises in question, but you further find from the evidence or have a reasonable doubt thereof that the defendant had formed the intent to commit a felony or the crime of theft therein, you will acquit the defendant and say by your verdict not guilty."

The record clearly reflects that the trial court did in fact charge the jury on the intent of the appellant. The court specifically charged the jury that they had to find that appellant broke and entered with the intent to fraudulently take from the house corporeal personal property belonging to the owner before they could find the appellant guilty of the offense charged. Appellant's first ground of error is without merit.

Appellant next contends that the evidence was not sufficient to warrant a finding that he possessed a specific intent to commit the crime of theft. This Court has held many times that when a person is found in the "home" of another at night without the consent of the owner, it is *presumed* that he was there with the intent to steal. Shelby v. State, 479 S.W.2d 31 (Tex.Cr.App.1972); Leaderbrand v. State, 457 S.W.2d 557 (Tex.Cr.App.1970); Green v. State, 435 S.W.2d 513 (Tex.Cr.App. 1969); Hines v. State, Tex.Cr.App., 458 S.W.2d 666 (Tex.Cr.App.1970); Garcia v. State, 453 S.W.2d 822 (Tex.Cr.App.1970).

Appellant mistakenly relies upon a series of cases, including Caudillo v. State, 167 Tex.Cr.R. 147, 318 S.W.2d 891 (1958) and Greer v. State, 437 S.W.2d 558 (Tex.Cr. App.1969), where this Court held that the element of intent had not been sufficiently shown. However, these cases may be easily distinguished from the present case in that Caudillo and Greer involved situations where the convictions were solely upon circumstantial evidence and the defendants were not found at the scene of the crime.

Appellant also complains that the offense charged was not adequately proved by the State, since there was no showing that anything was taken from the restaurant. However, it is not necessary that property be taken where the prosecution is for burglary with intent to commit theft. Leaderbrand, supra; Ash v. State, 420 S. W.2d 703 (Tex.Cr.App.1967).

In his last ground of error, appellant argues that the court erred in failing to cause the indictment to be amended when the appellant suggested that his name had been misspelled in the indictment. Apparently, in the indictment for the burglary charge, his name was spelled *Chauncey* Houston, Jr., though the correct spelling is *Chauncy* Houston, Jr. Appellant contends that when he correctly spelled his name in the waiver of arraignment, he gave proper notice to the court of the error in the indictment and that the court should have ordered the correction, in accordance with Art. 26.08, Vernon's Ann.C.C.P. We cannot agree with appellant that the mere signing of his name in the Waiver of Indictment, correctly spelled, was sufficient to constitute a "suggestion" under Art. 26.-08.

Also, the two names are idem sonans. See Loven v. State, 145 Tex.Cr.R. 260, 167 S.W.2d 515 (1943). If the attentive ear finds difficulty in distinguishing them when pronounced, names are idem sonans. We refer appellant to Fowler v. State, 379 S.W.2d 345 (Tex.Cr.App.1964) and Rodriguez v. State, 363 S.W.2d 472

(Tex.Cr.App.1963). It is plain that the appellant was not misled by the discrepancy in spelling and no injury was or could be done to him thereby. See Thomason v. State, 286 S.W. 1104 (Tex.Cr.App.1926).

Appellant's contentions are without merit.

The judgment is affirmed.