Chauncy **HOUSTON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45919.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

James W. Bowman, Lubbock, for appellant.

J. Blair Cherry, Jr., and Richard D. Moore, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. The record reflects that on August 6, 1970, appellant was convicted for the offense of felony theft. Punishment was assessed at three years' imprisonment and appellant was placed on probation for that period. One of the terms and conditions of probation was that appellant commit no offense against the laws of this or any other State or the United States.

On December 7, 1971, a hearing was held on motion to revoke the probation. The motion alleged that on or about March 24, 1971, appellant committed the offense of burglary with intent to commit theft. At the conclusion of the hearing the court revoked the probation of the appellant.

The facts are set out in the companion case, Houston v. State, 486 S.W.2d 363 (Tex.Crim.App.1972) No. 45,935.

Appellant cites three complaints wherein he states the trial court abused its discretion in revoking his probation.

In one complaint, appellant contends that the evidence was not sufficient to warrant a finding that the appellant possessed a specific intent to commit the crime of theft at the time of the breaking and entering. We have answered this contention in Houston v. State, 486 S.W.2d 363 (Tex. Crim.App.1972) No. 45,935.

■ Complaint is made by appellant that it was error for the court to consider a conviction of burglary in which the appellant's name was spelled differently than in the application to revoke probation. Apparently, in the indictment for the burglary charge, his name was spelled *Chauncey* Houston, Jr., and in the application to revoke probation, the name was spelled *Chauncy* Houston, Jr., which is the correct spelling of his name. We refer appellant to Fowler v. State, 379 S.W.2d 345 (Tex. Cr.App.1964) and Rodriguez v. State, 363 S.W.2d 472 (Tex.Cr.App.1963) which hold that if the attentive ear finds difficulty in distinguishing them when pronounced, names are idem sonans. See Loven v. State, 145 Tex.Cr.R. 260, 167 S.W.2d 515

(1943). Also, Art. 26.07, Vernon's Ann.C. C.P. states that a defendant must object at the time of arraignment if his name, as stated in the indictment, is not correct. The record reflects no such objection by appellant. It is plain that the appellant was not misled by the discrepancy in spelling and no injury was or could be done to him thereby. See Thomason v. State, 286 S.W. 1104 (Tex.Cr.App.1926).

■ Lastly, appellant alleges that the court erred in revoking the probation on grounds that were not urged in the application to revoke probation. The application is made on the ground that the appellant had committed the crime of burglary with intent to commit theft. However, when the court entered its order revoking probation, it recited that the probation was revoked because (1) of the burglary offense (2) appellant had been indulging in injurious or vicious habits and (3) appellant had been associating with persons of disreputable or harmful character. Appellant relies upon Campbell v. State,[1] 456 S. W.2d 918 (Tex.Cr.App.1970) and alleges that he was not given fair notice of the charges against him. However, the instant case is easily distinguishable. The appellant was given detailed notice of the burglary charge, and the evidence is sufficient to support the conviction on that charge. The fact that the judge unnecessarily made additional findings of probation violations certainly does not render the order revoking probation invalid. We perceive no reversible error.

Finding no abuse of discretion, the judgment is affirmed.

1. In Campbell, the order revoking probation was reversed because the motion to revoke was couched in such general terms as to give the probationer no notice how he had violated his probation or to enable him to prepare a defense.