Fred **PARTIN**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–304–CR.

Court of Appeals of Texas,
Fort Worth.

June 30, 1982.

Vincent G. Sprinkle, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

Appellant, Fred Partin, appeals his conviction for the offense of aggravated robbery. Punishment, enhanced by a prior conviction, was set by the jury at eighty years confinement in the Texas Department of Corrections.

We affirm.

On September 8, 1980, the Hilltop Liquor Store in Fort Worth was robbed by three men. Appellant and his two accomplices held the clerk of the store at gunpoint, removed the money from the cash register and cash bag, and fled from the store.

The sufficiency of the evidence is not challenged.

Appellant, by his initial ground of error, argues that the trial court reversibly erred by overruling his motion to quash the enhancement count of the indictment. The enhancement count alleged that appellant was previously convicted of the felony offense of burglary of a habitation with intent to commit theft, which conviction became final prior to the instant offense. Appellant maintains that the indictment, made the basis of the prior conviction, is fundamentally defective, so that the enhancement count alleging such prior conviction should have been quashed.

The challenged indictment was admitted into evidence at a pre-trial hearing on appellant's motion to quash. The indictment alleges in pertinent part that appellant on or about the 1st day of April, A.D. 1974, and anterior to the presentment of this Indictment, in the County and State aforesaid, did then and there without the effective consent of Vivian Lawrence, the owner thereof, enter a building not then and there open to public, *with intent to commit theft*, to-wit: with intent then and there to obtain property unlawfully from the said Vivian Lawrence, without the effective consent of Vivian Lawrence, the owner of said property, and with the intent to deprive said owner of said property, and that said building was then and

there a habitation occupied by the said Vivian Lawrence, . . . . [Emphasis added.]

Specifically, appellant contends that the indictment attempted to set forth constituent elements of theft in alleging his intent for the commission of the burglary. Neither a description of the property intended to be stolen nor the value thereof were included in the indictment. Thus, appellant contends that the indictment is fundamentally defective in that it fails to allege the essential elements of theft.

■ "The actual commission of the offense of theft is not a prerequisite to the commission of burglary. The unlawful entry with *the intent* to commit theft (or a felony) is the required element which must be alleged and proved." *Gonzalez v. State,* 517 S.W.2d 785, 788 (Tex.Cr.App.1975). Therefore, in an indictment for burglary "it is not necessary to allege the elements of the felony or theft if the indictment states simply that the entry was with the intent to commit theft or a specifically named felony." *Ex parte Cannon,* 546 S.W.2d 266, 272 (Tex.Cr.App.1976); *Daniels v. State,* 573 S.W.2d 21 (Tex.Cr.App.1978). The indictment in this case alleges an unlawful entry "with intent to commit theft." That phrase satisfies the requirements of the above cited authority. Appellant's motion to quash the enhancement count of his indictment was properly overruled. Ground of error one is overruled.

■ By his next two grounds of error, appellant contends that the State should not have been allowed at the punishment phase to introduce into evidence, over his objection, a "pen packet" reflecting his prior conviction, because: 1) The records had not been properly certified by the convicting court, due to the absence of the seal of the clerk of the convicting court from the face of the documents; and 2) The records had not been properly certified by the presiding judge, due to the absence of his seal from the attestation on the records. We reject both propositions.

■ Appellant's "pen packet" contains copies of records of three prior convictions, one of which was alleged by the State in the enhancement count of the indictment. The conviction records consist of the judgment, sentence, and commitment order in each case. The "pen packet" also contains certificates of the district clerk of Chambers County (where the prior convictions were received), executed by his deputy, attesting to the correctness of the judgments and sentences issued with respect to each conviction. "It is well settled that the attestation of a district clerk of a county of this State, upon a copy of a judgment or sentence received and filed by that district clerk, is alone sufficient to render such documents admissible into evidence for the truth of the matters stated therein." *Todd v. State,* 598 S.W.2d 286, 292 (Tex.Cr.App. 1980); *Speights v. State,* 499 S.W.2d 119 (Tex.Cr.App.1973). See also Tex.Rev.Civ. Stat.Ann. art. 3731a, Sec. 4 (Supp.1982). The clerk's certification was sufficient to render the documents admissible. His seal was not required. Ground of error two is overruled.

■ On the face of the "pen packet" is an attestation of the records clerk of the Texas Department of Corrections that the reproduced photograph, fingerprints, and commitments, including judgment and sentence, of Fred Partin are true and correct copies of the original records in his custody. This attestation is followed by a certificate of the presiding judge of the county court of Walker County as to the official custodianship of the records by the records clerk of the Texas Department of Corrections. This certificate is followed by yet another certificate of the clerk of the county court of Walker County as to the official character of the presiding judge.

The three averments listed above and contained on the face of the "pen packet" are sufficient indicia of reliability to permit the admission of the "pen packet" into evidence. *Todd v. State, supra.* Article 3731a, sec. 4, *supra,* requires the seal of the presiding judge only when records are not kept in a public office of this State. The records in

the instant case were kept in a public office of this State, consequently the judge's seal accompanying his certification was not necessary. Ground of error three is overruled.

Next, appellant contends that the trial court reversibly erred in overruling his objection to the court's instruction to the jury on the defense of alibi. It is undisputed that appellant raised the defense of alibi by testifying that he was in Weatherford at the time of the offense. The trial court instructed the jury on the defense of alibi, to which appellant objected on the ground that such instruction would be given negative connotations by the jury.

Where an instruction is requested on the defense of alibi and the defense is raised by the evidence, it is reversible error for the trial court to withhold the instruction from the jury. *Jones v. State*, 398 S.W.2d 753 (Tex.Cr.App.1966). However, we do not consider the inclusion of the instruction, over appellant's objection, to be reversible error. The United States Supreme Court has held that there is no violation of the Constitutional safeguards of the Fifth and Fourteenth Amendments in giving an instruction on the defendant's right not to testify, over the defendant's objection that the instruction would have an adverse effect on the jury. *Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). We find the challenged instruction was properly submitted to the jury by the trial court. Ground of error four is overruled.

By his final two grounds of error, appellant attacks: 1) The pre-trial lineup, in which he was identified, as being impermissibly suggestive; and 2) The in-court identification of appellant because he urges, the same was tainted by the impermissibly suggestive pre-trial lineup.

Four days after the offense in question, appellant was identified by the man he held at gunpoint during the robbery. The complaining witness immediately selected appellant out of a five man lineup as one of the assailants who had robbed the liquor store. Appellant claims that physical dis-

crepancies between him and the other participants in the lineup impermissibly suggested his identity to the complaining witness. We disagree.

At the outset we note that appellant argues only generally that the lineup was impermissibly suggestive. He does not point to the specific physical discrepancies about which he complains. Our examination of the lineup photograph reveals only minor variances in the physical characteristics of the participants. It is often difficult and impractical to avoid minor discrepancies between participants in a pre-trial lineup. The State does not have the onerous burden of providing exact replicas of the accused in a pre-trial lineup. *Turner v. State*, 600 S.W.2d 927 (Tex.Cr.App.1980). We do not find that the lineup contains discrepancies of such magnitude as to render it impermissibly suggestive. Ground of error five is overruled.

Assuming, *arguendo*, that such suggestiveness had been found, we would have to find additionally that the lineup caused a substantial likelihood of irreparable misidentification in order to set aside the eyewitness identification at trial. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). There was no substantial likelihood of misidentification. The complaining witness testified at trial that he based his identification of appellant on his observations of appellant during the commission of the offense. Thus, the in-court identification of appellant was admissible due to its origin independent of the alleged improper pre-trial identification procedure. *Thomas v. State*, 605 S.W.2d 290 (Tex.Cr.App.1980). Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.